UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHAD STANBRO,

              Plaintiff,

      -against-

CORRECTION OFFICER NADYA PALOU,
CORRECTION OFFICER RAYMOND DEAL,
CORRECTION OFFICER KRISTOFER LEONARDO,
CORRECTION OFFICER RICHARD LANDRY,
CORRECTION NURSE GARY PAGLIARO and
CORRECTION SERGEANT ENRIQUE TORRES,

              Defendants.
------------------------------------------------------------X

**AMENDED COMPLAINT**

Plaintiff Demands
A Trial By Jury

7:20-cv-01591-KMK

       Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

       1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

       2. That at all times herein mentioned, plaintiff was a prisoner under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS), which was and is an agency of the State of New York.

       3. That as of the time of the filing of this amended complaint, plaintiff is not a prisoner as defined by 42 U.S.C. § 1997e(h).

       4. That at all times herein mentioned, defendant Correction Officer Nadya Palou (hereinafter "Palou"), previously named herein as "Correction Officer N. Palou," was and is a citizen of the State of New York.

5. That at all times herein mentioned, Palou was and is employed as a DOCCS correction officer at Fishkill Correctional Facility (hereinafter "Fishkill"), which is located within the Southern District of New York.

6. That at all times herein mentioned, Palou was acting under color of state law.

7. That at all times herein mentioned, Palou was acting within the course and scope of her employment as a DOCCS correction officer.

7a. That alternatively, at all times herein mentioned, Palou was acting with motives independent of any legitimate purpose associated with her position as a DOCCS correction officer, and was acting with a personal stake in the outcome of her actions separate from the interests of DOCCS.

8. That at all times herein mentioned, defendant Correction Officer Raymond Deal (hereinafter "Deal"), previously named herein as "Correction Officer Deal," was and is a citizen of the State of New York.

9. That at all times herein mentioned, Deal was and is employed as a DOCCS correction officer at Fishkill.

10. That at all times herein mentioned, Deal was acting under color of state law.

11. That at all times herein mentioned, Deal was acting within the course and scope of his employment as a DOCCS correction officer.

11a. That alternatively, at all times herein mentioned, Deal was acting with motives independent of any legitimate purpose associated with his position as a DOCCS correction officer, and was acting with a personal stake in the outcome of his actions separate from the interests of DOCCS.

12. That at all times herein mentioned, defendant Correction Officer Kristopher Leonardo (hereinafter "Leonardo"), previously named herein as "Correction Officer John Doe #1," was and is a citizen of the State of New York.

13. That at all times herein mentioned, Leonardo was and is employed as a DOCCS correction officer.

14. That at all times herein mentioned, Leonardo was acting under color of state law.

15. That at all times herein mentioned, Leonardo was acting within the course and scope of his employment as a DOCCS correction officer.

15a. That alternatively, at all times herein mentioned, Leonardo was acting with motives independent of any legitimate purpose associated with his position as a DOCCS correction officer, and was acting with a personal stake in the outcome of his actions separate from the interests of DOCCS.

16. That at all times herein mentioned, defendant Correction Officer Richard Landry (hereinafter "Landry"), previously named herein as "Correction Officer John Doe #2," was and is a citizen of the State of New York.

17. That at all times herein mentioned, Landry was and is employed as a DOCCS correction officer.

18. That at all times herein mentioned, Landry was acting under color of state law.

19. That at all times herein mentioned, Landry was acting within the course and scope of his employment as a DOCCS correction officer.

19a. That alternatively, at all times herein mentioned, Landry was acting with motives independent of any legitimate purpose associated with his position as a DOCCS

correction officer, and was acting with a personal stake in the outcome of his actions separate from the interests of DOCCS.

20. That at all times herein mentioned, defendant Correction Nurse Gary Pagliaro (hereinafter "Pagliaro"), previously named herein as "Correction Nurse John Doe," was and is a citizen of the State of New York.

21. That at all times herein mentioned, Pagliaro was and is employed as a DOCCS nurse at Fishkill.

22. That at all times herein mentioned, Pagliaro was acting under color of state law.

23. That at all times herein mentioned, Pagliaro was acting within the course and scope of his employment as a DOCCS nurse.

23a. That alternatively, at all times herein mentioned, Pagliaro was acting with motives independent of any legitimate purpose associated with his position as a DOCCS nurse, and was acting with a personal stake in the outcome of his actions separate from the interests of DOCCS.

24. That at all times herein mentioned, defendant Correction Sergeant Enrique Torres (hereinafter "Torres"), previously named herein as "Correction Supervisor John Doe," was and is a citizen of the State of New York.

25. That at all times herein mentioned, Torres was and is employed as a DOCCS sergeant at Fishkill.

26. That at all times herein mentioned, Torres was acting under color of state law.

27. That al all times herein mentioned, Torres was acting within the course and scope of his employment as a DOCCS sergeant.

27a. That alternatively, at all times herein mentioned, Torres was acting with motives independent of any legitimate purpose associated with his position as a DOCCS sergeant, and was acting with a personal stake in the outcome of his actions separate from the interests of DOCCS.

28. That this Court has jurisdiction over this action in that it is brought pursuant to 28 U.S.C. § 1331 and § 1367.

**FACTS**

29. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

30. That prior to August 31, 2018, plaintiff had authored and filed a grievance against correction officers at Fishkill and had made other complaints against correction officers at Fishkill concerning their treatment of him while he was an inmate at Fishkill.

31. That the aforementioned grievance and complaints by plaintiff constituted a legitimate exercise of plaintiff's First Amendment right of free speech and right to petition the government for redress of grievances.

32. That on August 31, 2018, plaintiff was brought by DOCCS personnel, including but not limited to Palou and Deal, to Westchester Medical Center (hereinafter "WMC"), located within the Southern District of New York, for the purposes of undergoing a dental/surgical procedure at WMC.

33. That on August 31, 2018, while plaintiff was at WMC, he was under the care, custody, and control of Palou, Deal, Leonardo, and Landry.

34. That the dental/surgical procedure was being performed by agents, servants and/or employees of WMC and Westchester County Health Care Corporation (hereinafter "WCHCC").

35. That while the dental/surgical procedure was being performed, Palou, Deal, Leonardo, and Landry remained in or around the room with plaintiff to supervise and maintain custody and control of plaintiff.

36. That Palou, Deal, Leonardo, and Landry were under a duty to exercise reasonable care in their supervision, control, and custody of plaintiff while he was undergoing the dental/surgical procedure.

37. That during the course of the dental/surgical procedure, plaintiff had an adverse reaction to anesthesia which had been administered by WMC or WCHCC personnel, causing plaintiff to regain partial consciousness and to be and act in an agitated matter.

38. That in response to plaintiff's adverse reaction to the anesthesia and his agitated state, Palou, Deal, Leonardo, and Landry, without any legal justification and not in furtherance of any legitimate penological interest, brutally assaulted and battered and otherwise used excessive force against plaintiff while on the premises of WMC.

39. That the excessive physical force and assault and battery included, but was not limited to, violently thrusting a knee against plaintiff's throat and neck.

40. That Palou, Deal, Leonardo, and Landry each observed the excessive force being used by his or her fellow officers, and each had reasonable opportunity to intervene to prevent or stop that use of force.

41. That Palou, Deal, Leonardo, and Landry deliberately failed and refused to intervene to prevent or stop the excessive force being used by his or her fellow officers.

42. That as a result of the aforesaid actions by Palou, Deal, Leonardo, and Landry, plaintiff sustained severe personal injuries, was unable to ambulate, was unable to breathe properly or to speak, and required immediate medical attention and treatment.

43. That notwithstanding the gravity of plaintiff's physical condition, Palou, Deal, Leonardo, and Landry forcibly removed plaintiff from WMC and had him transported back to Fishkill without medical supervision and against medical advice.

44. That during his transport back to Fishkill, plaintiff was subjected to additional excessive force by Palou and Deal.

45. That the aforesaid actions of Palou, Deal, Leonardo, and Landry in forcibly removing plaintiff and having him transported back to Fishkill without medical supervision caused plaintiff to sustain additional personal injuries and/or an exacerbation of the injuries he had sustained as a result of the prior use of excessive force by these defendants.

46. That upon his arrival at Fishkill, plaintiff was met by Nurse Pagliaro, who ridiculed and verbally harassed plaintiff and accused plaintiff of faking his inability to ambulate and his other physical complaints.

47. That once inside the infirmary, Pagliaro assaulted and battered plaintiff and otherwise used excessive force against plaintiff by, among other thing, forcibly sticking plaintiff multiple times with sharp instruments in a sadistic attempt to demonstrate that plaintiff was faking his injuries.

48. That Sergeant Enrique Torres was present when plaintiff arrived back at Fishkill and while plaintiff was in the infirmary, and Torres oversaw and supervised the officers' and nurse's handling of plaintiff while in Fishkill and in the infirmary.

49. That Torres had a reasonable opportunity to intervene to prevent and/or stop the illegal actions of his subordinates, but deliberately failed and refused to do so.

50. That Torres instead encouraged Pagliaro in his verbal and physical abuse of plaintiff, and himself verbally abused plaintiff and accused him of faking his injuries.

51. That as a result of the actions of Pagliaro and Torres, plaintiff sustained additional personal injuries and/or an exacerbation of the injuries he sustained as a result of the prior uses of excessive force and malfeasance of the other defendants.

52. That despite all indications and signs that plaintiff was not malingering, faking, or otherwise exaggerating the extent of his injuries, the defendants herein deliberately and intentionally prevented and delayed plaintiff from receiving prompt and necessary medical care and treatment.

53. That as a result of this prevention and delay of treatment, plaintiff sustained additional personal injuries and/or an exacerbation of the injuries he already sustained.

54. That after a period of hours, plaintiff finally was transported from Fishkill to a hospital, where he was diagnosed with multiple and severe personal injuries, including but not limited to quadriplegia, all of which was a result of the aforementioned actions of defendants herein.

55. That the actions of defendants herein were intentional, sadistic, and malicious, and served no legitimate penological interest.

56. That the actions of defendants herein were motivated by an attempt to retaliate against plaintiff for having filed a grievance and having made complaints against Fishkill correction officers, and for having legitimately exercised his First Amendment right of free speech and right to petition the government for redress of grievances.

57. That the actions of defendants herein shocked the conscience, and were so outrageous as to be outside the norms of any conduct that would be tolerated in civil society.

58. That the actions of defendants herein were intended to cause plaintiff severe emotional distress or, at minimum, were undertaken with reckless disregard of and deliberate indifference to the risk of causing extreme emotional distress.

59. That as a result of the foregoing, plaintiff sustained severe physical, emotional, and psychological injuries, and extreme emotional distress, endured and will continue to endure physical disabilities, pain and suffering, and loss of enjoyment of life, incurred and will continue to incur healthcare expenses, incurred and will continue to incur lost earnings and loss of earning potential, and incurred and will continue to incur other economic loss.

FIRST CAUSE OF ACTION
(Violation of Eighth Amendment:  42 U.S.C. § 1983)

60. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

61. That the aforesaid actions of defendants in intentionally, maliciously, and sadistically assaulting and battering and using excessive force against plaintiff, in verbally harassing and ridiculing plaintiff, in deliberately denying plaintiff prompt medical care and treatment and/or in being deliberately indifferent to plaintiff's need for prompt medical care and treatment, and in failing and refusing to intervene to prevent or stop the illegal and unconstitutional conduct of their fellow officers, constituted cruel and unusual punishment of plaintiff in violation of plaintiff's rights under the Eighth Amendment to the U.S Constitution, and entitle plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

SECOND CAUSE OF ACTION
(Violation of Fourteenth Amendment:  42 U.S.C. § 1983)

62. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

63. That the aforesaid actions of defendants constituted a violation of the substantive due process rights guaranteed to plaintiff under the Fourteenth Amendment to the U.S. Constitution, and entitle plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION
(Violation of First Amendment:  42 U.S.C. § 1983)

64. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

65. That the aforesaid actions of defendants constituted a violation of the rights guaranteed to plaintiff under the First Amendment to the U.S. Constitution to free speech and to petition the government for redress of grievances, and entitle plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

FOURTH CAUSE OF ACTION
(Assault and Battery Under NY State Law)

66. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

67. That in the event it is determined that any of the aforementioned acts or failures to act alleged against defendants were performed outside the scope of defendants' employment or not in the discharge of defendants' duties as officers or employees of DOCCS, within the meaning of New York Corrections Law § 24, plaintiff is entitled to recover damages from those defendants under a state-law cause of action for assault and battery.

FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

68. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

69. That in the event it is determined that any of the aforementioned acts or failures to act alleged against defendants were performed outside the scope of defendants' employment or not in the discharge of defendants' duties as officers or employees of DOCCS, within the meaning of New York Corrections Law § 24, plaintiff is entitled to recover damages

from those defendants under a state-law cause of action for intentional infliction of emotional distress.

70. That the causes of action asserted herein fall within one or more exceptions set forth in Article 16 of New York's Civil Practice Law & Rules with respect to joint and several liability.

WHEREFORE, plaintiff demands compensatory damages against all defendants in the amount of FIFTY MILLION ($50,000,000.00) DOLLARS, together with punitive damages, together with attorneys' fees pursuant to 42 U.S.C. § 1988, and together with the costs and disbursements of this action.

Dated:  New York, New York
April 1, 2020

> Yours, etc.
> Sivin & Miller, LLP
>
> By *s/ Edward Sivin*
>      Edward Sivin
> Attorneys for plaintiff
> 20 Vesey St., Suite 1400
> New York, NY  10007
> (212) 349-0300
> esivin@sivinandmiller.com