UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD STANBRO,<br><br>                                    Plaintiff,<br><br>-against-<br><br>CORRECTION OFFICER NADYA PALOU,<br>CORRECTION OFFICER RAYMOND DEAL,<br>CORRECTION OFFICER KRISTOFER LEONARDO,<br>CORRECTION OFFICER RICHARD LANDRY,<br>CORRECTION NURSE GARY PAGLIARO and<br>CORRECTION SERGEANT ENRIQUE TORRES,<br><br>                                    Defendants | Case No.: 7:20-cv-01591-KMK<br><br><br><br>**ANSWER TO AMENDED<br>COMPLAINT** |

Defendant RAYMOND DEAL, by his attorneys Ofeck & Heinze, LLP, for his Answer to the Amended Complaint, says:

## THE PATIES AND JURSIDICTION

1. Defendant lacks sufficient knowledge to admit or deny.

2. Upon information and belief, admitted.

3. Defendant lacks sufficient knowledge to admit or deny.

4. Upon information and belief, admitted as to defendant's employment with DOCCS and defendant otherwise lacks sufficient knowledge to admit or deny.

5. Upon information and belief, admitted as to defendant's employment with DOCCS and defendant otherwise lacks sufficient knowledge to admit or deny.

6. Upon information and belief, admitted as to defendant's employment with DOCCS and defendant otherwise lacks sufficient knowledge to admit or deny.

7. (and 7a) Defendant lacks sufficient knowledge to admit or deny.

8. Admitted.

9. Admitted.

10. Admitted to the extent that defendant Deal acted at all times within the scope of his authority and duties, and in the course of his employment, and that he committed no act or omission that constitutes any harm or wrong, including that alleged or as may be alleged by plaintiff, and otherwise denied.

11. (and 11a.) Admitted to the extent that defendant Deal acted at all times within the scope of his authority and duties, and in the course of his employment, and that he committed no act or omission that constitutes any harm or wrong, including that alleged or as may be alleged by plaintiff, and otherwise denied.

12. Upon information and belief, admitted as to defendant's employment with DOCCS and defendant otherwise lacks sufficient knowledge to admit or deny.

13. Upon information and belief, admitted.

14. Defendant lacks sufficient knowledge to admit or deny

15. (and 15a) Defendant lacks sufficient knowledge to admit or deny.

16. Upon information and belief, admitted as to defendant's employment with DOCCS and defendant otherwise lacks sufficient knowledge to admit or deny.

17. Upon information and belief, admitted.

18. Defendant lacks sufficient knowledge to admit or deny.

19. (and 19a) Defendant lacks sufficient knowledge to admit or deny.

20. Defendant lacks sufficient knowledge to admit or deny.

21. Defendant lacks sufficient knowledge to admit or deny.

22. Defendant lacks sufficient knowledge to admit or deny.

23. (and 23a). Defendant lacks sufficient knowledge to admit or deny.

24. Upon information and belief, admitted.

25. Upon information and belief, admitted.

26. Defendant lacks sufficient knowledge to admit or deny.

27. (and 27a) Defendant lacks sufficient knowledge to admit or deny.

28. Defendant lacks sufficient knowledge to admit or deny.

## FACTS

29. Defendant repeats the foregoing responses and allegations as if set forth verbatim herein.

30. Defendant lacks sufficient knowledge to admit or deny, but denies knowledge of any grievance of the plaintiff and denies any underlying allegations as may relate to defendant.

31. Defendant lacks sufficient knowledge to admit or deny, but denies knowledge of any grievance of the plaintiff and denies any underlying allegations as may relate to defendant.

32. Admitted generally that defendant Deal accompanied the plaintiff to his medical appointment, but denies specific knowledge of the procedure involved, and otherwise denied.

33. Admitted generally that plaintiff was in the custody of the DOCCS and otherwise denied.

34. Defendant lacks sufficient knowledge to admit or deny.

35. Admitted generally that plaintiff was in the custody of the DOCCS and otherwise denied.

36. Admitted generally that plaintiff was in the custody of the DOCCS, and that defendant properly performed all duties in connection therewith, and otherwise denied.

37. Admitted that plaintiff began to act in a violent and agitated manner, placing persons and property in extreme jeopardy, and defendant otherwise lacks sufficient knowledge to admit or deny.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Defendant denies knowledge of the alleged facts and incidents.

47. Defendant denies knowledge of the alleged facts and incidents.

48. Defendant denies knowledge of the alleged facts and incidents.

49. Defendant denies knowledge of the alleged facts and incidents.

50. Defendant denies knowledge of the alleged facts and incidents.

51. Defendant denies knowledge of the alleged facts and incidents.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## FIRST CAUSE OF ACTION

60. Defendant repeats each of the foregoing responses as if set forth verbatim herein.

61. Denied.

## SECOND CAUSE OF ACTION

62. Defendant repeat each of the foregoing responses as if set forth verbatim herein.

63. Denied.

## THIRD CAUSE OF ACTION

64. Defendant repeats each of the foregoing responses as if set forth verbatim herein.

65. Denied.

## FOURTH CAUSE OF ACTION

66. Defendant repeats each of the foregoing responses as if set forth verbatim herein.

67. Denied.

## FIFTH CAUSE OF ACTION

68. Defendants repeat each of the foregoing responses as if set forth verbatim herein.

69. Denied.

70. Denied.

## AFFIRMATIVE DEFENSES

71. Plaintiff's claims for damages are remote and speculative.

72. Plaintiff failed to mitigate his alleged damages

73. Plaintiff assumed the known risk of injury, including (without limitation) such risks normally attendant to medical procedures and anesthesia, and adverse reactions thereto.

74. The defendant owes no duty or legal obligation to plaintiff.

75. The defendant acted at all times as agent for his disclosed principal.

76. The defendant did not act with the required intent, mens rea, or willfulness.

77. Plaintiff's claims are premature and barred by virtue of his failure to make a Notice of Claim or other required demand.

78. Plaintiff's alleged First Amendment statements did not touch upon or involve matters of public concern.

79. The recovery of the plaintiffs, if any, must be reduced by the amount received from or indemnified by any collateral source.

80. Plaintiff's alleged damages are the result of acts or omissions committed by non-parties to this action over whom the Defendant has no responsibility or control.

81. Plaintiff's alleged damages are the result of acts of omission committed by the Plaintiff.

82. Defendant's actions (if any) were justified as being in defense of others or of property.

83. The Eleventh Amendment bars Plaintiff's claims for damages against the defendant to the extent brought against them in their official capacities

84. Defendant is entitled to qualified immunity for the claims asserted, since defendant's conduct (if any) did not violate clearly established law or it was

objectively reasonable for him to believe that his conduct did not violate clearly established law.

85. The Prison Litigation Reform Act of 1995 may bar Plaintiff's claims in whole or in part, including (without limitation) due to plaintiff's failure to exhaust his administrative remedies.

86. Any state law claims are barred by New York Corrections Law § 24.

87. The defendant at no time acted recklessly, willfully or maliciously in disregard of plaintiff's constitutional rights, and therefore plaintiff is not entitled to punitive damages.

88. Defendant reserves their right to seek contribution from other nonparty tortfeasors pursuant to any other applicable statute or article.

89. If it is determined that the defendant is liable in any degree to Plaintiff, he is entitled to have the liability apportioned among and between all defendants in this action.

## ANSWER TO CROSS-CLAIMS

90. The allegations of any cross-claims are denied in their entirety.

91. Defendant's Affirmative Defenses to the Complaint are asserted as to any cross-claims.

WHEREFORE, defendants demand judgment against plaintiff dismissing the Complaint, in its entirety, with prejudice, and awarding costs and attorneys fees as allowed by law, interest, or, in the alternative, judgment for indemnification, contribution, allocation of their proportionate share of liability as may be determined in

this action, dismissing all other defendants' cross-claims and such other and further relief as the Court deems equitable and just.

                                    OFECK & HEINZE LLP
                                    Attorneys for Defendant R. Deal

                                    By:_*Mark F. Heinze*____
                                        Mark F. Heinze
                                    85 Main Street, Suite 204
                                    Hackensack, New Jersey 07601
                                    Tel No. (201) 487-9900
                                    markfheinze@gmail.com

                                    265 Canal St #211,
                                    New York, NY 10013
                                    (212) 343-2662

                                    ***PLEASE CORRESPOND WITH OUR NEW JERSEY OFFICE***

                                    LAW OFFICE OF BRADLEY S. GROSS
                                    Attorneys for Defendant R. Deal

                                    By:_*Mark F. Heinze*____
                                        Mark F. Heinze
                                    45 Rockefeller Plaza
                                    Suite 2000
                                    New York, NY 10111
                                    Tel. No. 212-732-7412
                                    bradgross@grosslawpc.com

**PROOF OF SERVICE**

On October 23, 2020, I served the within Answer on counsel for all parties via ECF.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2020

_Mark F. Heinze_
Mark F. Heinze

Service List
Andrew Weiss, Esq.
Sivin & Miller, LLP
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
Manhattan, NY 10007
804-441-4564
Email: aweiss@sivinandmiller.com

Deanna Lea Collins, Esq.
New York State Office of The Attorney General
Attorneys for NYAG and Defendants Leonardo, Landry, Pagliaro & Torres
28 Liberty Street
New York, NY 10005
212-416-8906
212-416-6009 (fax)
deanna.collins@ag.ny.gov