UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD STANBRO,<br><br>                              Plaintiff,<br><br>-against-<br><br>CORRECTION OFFICER NADYA PALOU,<br>CORRECTION OFFICER RAYMOND DEAL,<br>CORRECTION OFFICER KRISTOFER LEONARDO,<br>CORRECTION OFFICER RICHARD LANDRY,<br>CORRECTION NURSE GARY PAGLIARO and<br>CORRECTION SERGEANT ENRIQUE TORRES,<br><br>                              Defendants | Case No.: 7:20-cv-01591-KMK<br><br>**DECLARATION OF<br>RAYMOND DEAL** |

RAYMOND DEAL declares the following to be true:

1. I am a defendant in this action. I submit this declaration in opposition to plaintiff's motion for spoliation sanction. The motion should be denied.

2. Defendants CO Nadya Palou and I were Correction Officers at the Fishkill Correctional Facility. On August 31, 2018, we transported plaintiff Chad Stanbro to and from Westchester Medical Center. He apparently had a dislocated jaw that had to be put back in place by an oral surgeon.

3. During the procedure, Mr. Stanbro acted violently (supposedly due to a reaction to the anesthesia) and he tried to punch the surgeon, Dr. Weber, and then me. He had to be subdued.

4. His neck was apparently injured in this incident. I was injured too, when Mr. Stanbro kicked me with both feet, causing me to crash into medical equipment or furniture. I went out on medical leave for several weeks.

1

5. There is much in dispute in the case, but there is no dispute that Mr. Stanbro completely caused and created the incident, due to his violent misbehavior.

6. I deny using excessive force. I did not see any other CO use excessive force.

7. After Mr. Stanbro was subdued, we were ordered to bring him back to Fishkill, which we did.

8. When we arrived, he was in the van we had used for transportation. The nursing staff and other COs took over from there.

9. CO Palou and I went for medical exams, and we filled out Use of Force paperwork.

10. As far as I know, none of this was recorded on video. That happened later, after CO Palou and I were no longer involved.

11. I have since learned, as part of this case, that after Mr. Stanbro was removed from the van, it was determined that he had a serious neck injury. He was taken to the hospital for neck surgery.

12. I further understand that, after we left Mr. Stanbro's presence, certain Fishkill staff made a video recording of Mr. Stanbro, while he was transported to the hospital.

13. I had nothing to do with this video recording, including making it, copying it, preserving it, or anything else about it.

14. This was never my area of responsibility, either generally or in this case. I knew nothing about it until after this case was brought.

15. The video cannot have anything to do with my involvement in this case. As explained above, CO Palou's and my involvement ended when we brought Mr. Stanbro back to Fishkill and handed him over to other COs and the nursing staff.

*16.* I understand that the plaintiff now alleges that a copy of the video was sent to our union, the Correction Officers' Benevolent Association, but the union could not find this copy.

*17.* I also have no knowledge of this, and had nothing to do with this.

18. Plaintiff further argues that the union was our "agent" for the purpose of maintaining or preserving this video. I do not understand how this could be the case.

19. The recording was made by the Fishkill Correctional Facility staff and not the union. Perhaps the video was a copy of materials provided to the union, possibly to assist in the defense of any disciplinary proceedings.

20. However, as I have explained, the video has nothing to do with my part of this incident.

21. I note further that plaintiff seems to assume that the video will be helpful to his case, when the opposite may well be true. Maybe it would show Mr. Stanbro admitting that he acted violently and out of control, that he tried to assault Dr. Weber and me, that he kicked me with both feet (injuring my back), and that his behavior required us to use force.

22. In any event, there is nothing I could have done to ensure its preservation, or to prevent its disappearance.

23. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2021

RAYMOND DEAL

3