UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CHAD STANBRO,

               Plaintiff,               :    20-cv-1591(KMK)

               -against-

CORRECTION OFFICER NADYA PALOU,
CORRECTION OFFICER RAYMOND DEAL,     :   Consolidated for Purposes of Discovery
CORRECTION OFFICER KRISTOFER              with:
LEONARDO, CORRECTION OFFICER RICHARD
LANDRY, CORRECTION NURSE GARY
PAGLIARO and CORRECTION SERGEANT
ENRIQUE TORRES,

               Defendants.

------------------------------------------------------------X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CHAD STANBRO,

               Plaintiff,

               -against-         :   19-cv-10857(KMK)

                             :   **DECLARATION OF**
WESTCHESTER COUNTY HEALTH CARE     :   **DEANNA L. COLLINS.**
CORPORATION, WESTCHESTER MEDICAL
CENTER, FRANK WEBER and JOHN FULL,

               Defendants.

------------------------------------------------------------X

      Assistant Attorney General Deanna L. Collins, an attorney duly admitted to practice in

New York State and the United States District Court for the Southern District of New York,

declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and

correct:

1.      I am an Assistant Attorney General with the Office of Letitia James, Attorney General of the State of New York ("OAG"), attorney for Defendants Sergeant Enrique Torres, Correction Officer ("CO") Richard Landry, CO Kristopher Leonardo, and Nurse Gary Pagliaro (collectively, the "OAG Represented Defendants").

2.      I am fully familiar with the pleadings and discovery in this matter and submit this Declaration in order to provide Plaintiff information pertaining to the search for the video recording of Plaintiff Chad Stanbro's ("Plaintiff") transport from Fishkill Correctional Facility ("Fishkill") to St. Luke's Hospital on August 31, 2018 (the "Transport Video"), as ordered by the Court on March 31, 2021.

3.      Because the documents produced during discovery indicate that there was a joint investigation conducted by the New York State Department of Corrections and Community Supervision's ("DOCCS") Office of Special Investigations ("OSI") and the Westchester County District Attorney's Office ("WCDA") related to the incident alleged by Plaintiff to have occurred on August 31, 2018, I contacted Westchester County Assistant District Attorney Jennifer Sculco, who handled the investigative matter for the WCDA. ADA Sculco informed me that she did not have a copy of the Transport Video in her files.

Dated: Westchester County, NY
      April 21, 2021

                                            Respectfully submitted,

                                            LETITIA JAMES
                                            Attorney General
                                            State of New York
                                            *Attorney for the OAG Represented Defendants*
                                            By:

                                            */s/ Deanna L. Collins*
                                            Deanna L. Collins
                                            Assistant Attorney General

2

28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8609
Deanna.Collins@ny.ag.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CHAD STANBRO,                                          :

                  Plaintiff,          :         20-cv-1591(KMK)

               -against-          :

CORRECTION OFFICER NADYA PALOU,      :
CORRECTION OFFICER RAYMOND DEAL,     :         Consolidated for Purposes of Discovery
CORRECTION OFFICER KRISTOFER          :         with:
LEONARDO, CORRECTION OFFICER RICHARD  :
LANDRY, CORRECTION NURSE GARY         :
PAGLIARO and CORRECTION SERGEANT      :
ENRIQUE TORRES,                       :
                             :
             Defendants.          :
-------------------------------------------------------------- X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CHAD STANBRO,                                          :

                  Plaintiff,          :

               -against-          :         19-cv-10857(KMK)

WESTCHESTER COUNTY HEALTH CARE        :         **DECLARATION OF**
CORPORATION, WESTCHESTER MEDICAL      :         **EILEEN VIVES**
CENTER, FRANK WEBER and JOHN FULL,    :

             Defendants.          :
-------------------------------------------------------------- X

       **EILEEN VIVES**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the

following is true and correct:

      1.     I am currently employed as Assistant Deputy Chief Investigator for the New York

State Department of Corrections and Community Supervision ("DOCCS") Office of Special

Investigation ("OSI"). I have been employed in this capacity since December 10, 2018. In this

capacity, my responsibilities include supervising internal affairs investigations relating to alleged

misconduct by DOCCS staff and assisting the New York State Office of the Attorney General ("OAG") with obtaining documentation and information pertaining to litigations that involve incidents that OSI has also investigated.

2.      It is my understanding that the plaintiff in this action, Chad Stanbro, DIN 12-B-0110, who was incarcerated at Fishkill on August 31, 2018, has alleged that he was the victim of excessive force by the some of the named defendants on August 31, 2018 during a Use of Force that occurred while plaintiff was at an outside hospital, Westchester Medical Center ("WMC"). I also understand that Plaintiff has alleged that some of the named defendants used excessive force inside the Fishkill Regional Medical Unit ("RMU") after he returned to Fishkill from WMC.

3.      It is also my understanding that Plaintiff was thereafter transported, by outside ambulance, from the Fishkill RMU to another outside hospital, St. Luke's Hospital ("St. Luke's"). During that transport, in addition to the outside Emergency Medical Technicians who were present, Plaintiff was accompanied by security staff from Fishkill who carried a Fishkill video camera to record Plaintiff during the transport to St. Luke's.

4.      It is also my understanding that the Court in this matter has directed that Plaintiff be provided with a sworn declaration as to the steps taken to locate the video of this transport to St. Luke's.

5.      My current caseload includes the OSI investigation into the incident alleged by plaintiff. At OAG's direction, I have reviewed OSI's files. However, there is no copy of the video of plaintiff's transport from Fishkill to St. Luke's therein.

6.      I am not aware of any other location in DOCCS where a copy of this video might be kept.

Dated: April 20, 2021,
          Queens , New York

_Eileen Vives_
EILEEN VIVES

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

CHAD STANBRO,                                    :

                    Plaintiff,                   :        20-cv-1591(KMK)

            -against-                            :

                                                 :

CORRECTION OFFICER NADYA PALOU,                  :
CORRECTION OFFICER RAYMOND DEAL,                 :        Consolidated for Purposes of Discovery
CORRECTION OFFICER KRISTOFER                     :        with:
LEONARDO, CORRECTION OFFICER RICHARD             :
LANDRY, CORRECTION NURSE GARY                    :
PAGLIARO and CORRECTION SERGEANT                 :
ENRIQUE TORRES,                                  :

                                                 :

                    Defendants.                  :
------------------------------------------------------------- X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

CHAD STANBRO,                                    :

                                                 :

                    Plaintiff,                   :

                                                 :        19-cv-10857(KMK)
            -against-                            :

                                                 :        **DECLARATION OF**
WESTCHESTER COUNTY HEALTH CARE                   :        **KEVIN KORTRIGHT**
CORPORATION, WESTCHESTER MEDICAL                 :
CENTER, FRANK WEBER and JOHN FULL,               :

                                                 :

                    Defendants.                  :
------------------------------------------------------------- X

     **KEVIN KORTRIGHT**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

     1.     I am currently employed as Associate Counsel for the New York State Department of Corrections and Community Supervision ("DOCCS"). I have been employed in this capacity since May 2013. In this capacity, my responsibilities include assisting the New York State Office of the Attorney General ("OAG") with obtaining documentation and information pertaining to litigations

involving DOCCS and DOCCS employees.

2.      It is my understanding that the plaintiff in this action, Chad Stanbro, DIN 12-B-0110, who was incarcerated at Fishkill on August 31, 2018, has alleged that he was the victim of excessive force by some of the named defendants on August 31, 2018 during a Use of Force that occurred while plaintiff was at an outside hospital, Westchester Medical Center ("WMC"). I also understand that Plaintiff has alleged that some of the named defendants used excessive force inside the Fishkill Regional Medical Unit ("RMU") after he returned to Fishkill from WMC.

3.      It is also my understanding that Plaintiff was thereafter transported, by outside ambulance, from the Fishkill RMU to another outside hospital, St. Luke's Hospital ("St. Luke's"). During that transport, in addition to the outside Emergency Medical Technicians who were present, Plaintiff was accompanied by security staff from Fishkill who carried a Fishkill video camera to record Plaintiff during the transport to St. Luke's.

4.      It is also my understanding that the Court in this matter has directed that Plaintiff be provided with sworn declarations as to the steps taken by DOCCS to locate the video of this transport to St. Luke's.

5.      I have run an ESI search of the emails of relevant DOCCS custodians and search terms corresponding to the plaintiff's name, Department Identification Number ("DIN"), and/or the Office of Special Investigations ("OSI") log number, to determine if a copy of the video of this transport had ever been emailed from relevant individuals at Fishkill to OSI or from OSI to any other relevant individuals. However, my search yielded no email containing this video.

6.      Other than any physical copy that would exist at Fishkill or OSI, I am not aware of any other location where a copy of this video might be kept.

Dated: April 22, 2021,
      Albany, New York

                                         KEVIN KORTRIGHT, ESQ.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

CHAD STANBRO,

              Plaintiff,                     20-cv-1591(KMK)

            -against-

CORRECTION OFFICER NADYA PALOU,
CORRECTION OFFICER RAYMOND DEAL,        Consolidated for Purposes of Discovery
CORRECTION OFFICER KRISTOFER             with:
LEONARDO, CORRECTION OFFICER RICHARD
LANDRY, CORRECTION NURSE GARY
PAGLIARO and CORRECTION SERGEANT
ENRIQUE TORRES,

              Defendants.
-------------------------------------------------------------- X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

CHAD STANBRO,

              Plaintiff,

            -against-                19-cv-10857(KMK)

                                **DECLARATION OF DEPUTY**
WESTCHESTER COUNTY HEALTH CARE       **SUPERINTENDENT OF SECURITY**
CORPORATION, WESTCHESTER MEDICAL     **STEPHEN URBANSKI**
CENTER, FRANK WEBER and JOHN FULL,

              Defendants.
-------------------------------------------------------------- X

     **STEPHEN URBANSKI**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury

that the following is true and correct:

     1.     I am currently employed as the Deputy Superintendent of Security ("DSS") for the

New York State Department of Corrections and Community Supervision ("DOCCS") at Fishkill

Correctional Facility ("Fishkill"). I have been employed as the Fishkill DSS since March 17, 2016.

In this capacity, my responsibilities include reviewing Unusual Incident ("UI") and Use of Force

EXHIBIT
37

("UOF") files and assisting the New York State Office of the Attorney General ("OAG") with obtaining documentation and information pertaining to lawsuits filed against Fishkill staff.

2.    It is my understanding that the plaintiff in this action, Chad Stanbro, DIN 12-B-0110. who was incarcerated at Fishkill on August 31, 2018, has alleged that he was the victim of excessive force by the some of the named defendants on August 31, 2018 during a Use of Force that occurred while plaintiff was at an outside hospital, Westchester Medical Center ("WMC"). I also understand that Plaintiff has alleged that some of the named defendants used excessive force inside the Fishkill Regional Medical Unit ("RMU") after he returned to Fishkill from WMC.

3.    It is also my understanding that Plaintiff was thereafter transported, by outside ambulance, from the Fishkill RMU to another outside hospital, St. Luke's Hospital ("St. Luke's"). During that transport, in addition to the outside Emergency Medical Technicians who were present, Plaintiff was accompanied by security staff from Fishkill who carried a Fishkill video camera to record Plaintiff during the transport to St. Luke's.

4.    It is also my understanding that the Court in this matter has directed that Plaintiff be provided with a sworn declaration as to the steps taken to locate the video of this transport to St. Luke's.

5.    When DOCCS staff use force on an inmate, it is referred to as a UOF. Plaintiff's disruptive behavior at WMC on August 31, 2018, which necessitated Correction Officer ("CO") Landry, CO Leonardo, CO Deal, and CO Palou to use force in order to restrain him, also escalated this incident to a UI. As a result, pursuant to DOCCS policy, when Plaintiff was later transported to St. Luke's, a second security team (that included non-parties Sergeant Carreras, CO Toro, CO Montross, and CO Denbaum) was dispatched to accompany him, along with a video camera, during this transport.

6.    For every UI/UOF, DOCCS maintains a corresponding UI/UOF file that contains

things such as paperwork pertaining to the incident (*i.e.* memoranda from the staff members/inmates involved in the incident explaining their version of events), any photographs taken of the officer/inmate after the incident (or copy of the photographs taken), and any other item deemed to be part of the incident, such as any electronic storage device containing any video.

7.      Pursuant to DOCCS policy, UI/UOF files are maintained in hard copy in locked storage cabinets by the DSS and his staff. At Fishkill, these files are maintained in storage cabinets outside my office, which is located in the security suite of the administrative building. Any videos accompanying these files are stored on electronic storage devices, which are then stored in a secured room off of the Watch Commander's office, within the security suite. These files are maintained in these locations for the present year plus two additional previous years. After that, the UI/UOF files are moved to an archive storage area in another part of the facility. The files are organized by log numbers. On average, Fishkill has over approximately 300 UI's per year and over approximately 100 UOF's per year.

8.      In this case, the incident at issue occurred on August 31, 2018 and the reports indicate that the non-party security staff who transported plaintiff from Fishkill to St. Luke's were accompanied by a hand held video camera. I have checked the video storage room for the video corresponding to the log numbers associated with the August 31, 2018 incident pertaining to plaintiff (UI Log # 269950 and UOF Log # 180074). Although the video corresponding to this incident should be located therein, it was not found.

9.      I have also checked the UI/UOF hard copy files and have located the respective files for the log numbers associated with the August 31, 2018 incident. However, no electronic storage device was included within them.

10.     In order to ensure that the video pertaining to this incident was not incorrectly filed, my staff and I, at my direction, also reviewed the actual electronic content of the storage devices at

or around the date of the August 31, 2018 incident to see if the storage device had been mislabeled. However, those efforts did not yield the video at issue.

11.     I also checked all UI/UOF files and the cabinets they are stored in from several weeks before and after August 31, 2018 but the video from the incident at issue was not located therein.

12.     I have also spoken Lieutenant (at that time, Sergeant) Carreras, who accompanied plaintiff during this transport to St. Luke's. Lt. Carreras confirmed that a hand held camera had been taken on this transport. He further informed me that, to the best of his recollection, the video camera battery had died at some point after they left Fishkill.

13.     I also reached out the DOCCS Bureau of Labor Relations ("BLR") because I recalled that files pertaining to the August 31, 2018 incident had been sent to that office upon its request. The BLR is responsible for, among other things, facilitating employment discipline procedures between labor and management. BLR Assistant Director Michael Bloomingdale informed me that, although he recalled that his office did receive the video, he checked the BLR's file and it was not located therein. I understand from Assistant Director Bloomingdale that he believes that the video was sent to the New York State Correctional Officers and Police Benevolent Association, Inc (the "Union"). He informed me that he would reach out to the Union to determine if they had a copy but I have not yet heard back from him.

14.     I am not aware of any location in Fishkill, other than those described above, where the electronic storage device containing the video transport of plaintiff to St. Luke's on August 31, 2018 might be kept.

STEPHEN URBANSKI

Dated: April    , 2021,
         Beacon, New York

4