# SIVIN, MILLER & ROCHE LLP

Attorneys at Law
20 Vesey Street
Suite 1400
New York, New York 10007

Glenn D. Miller
Edward Sivin*
David Roche
------------
Clyde M. Rastetter

*also member of NJ Bar

August 25, 2021

Phone:  (212) 349-0300
Fax:      (212) 406-9462

**MEMO ENDORSED**

Via ECF

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   Stanbro v. C.O. Nadya Palou, et al.,
        Case No. 20-cv-01591

Your Honor:

The undersigned represents plaintiff in the above matter.  I write in opposition to the August 24, 2021 letter of AAG Julie A. Ortiz, attorney for defendants Kristofer Leonardo, Richard Landry, Gary Pagliaro, and Enrique Torres (the "OAG defendants"), requesting that the Court order plaintiff to appear for an independent medical exam ("IME") at this late date.  The request by the Office of the Attorney General (the "OAG") should be denied, as it is made for the first time nearly two months after the June 30, 2021 date by which this Court ordered that all *fact* discovery be competed,[1] *see* May 17, 2021 Amended Case Management and Scheduling Order, Docket Entry No. 66, and the OAG has not proffered a reasonable excuse its delay in seeking an IME.

---

[1] The purpose of an IME is to obtain additional medical data and information upon which the party's expert can rely in issuing a report; the exam itself therefore constitutes *fact* discovery, and not *expert* discovery.  See *City of Almaty v. Ablyazov*, No. 1:15-cv-05345 (KHP) (AJN), 2019 U.S. Dist. LEXIS 10294, at *7-8 (S.D.N.Y. Jan. 22, 2019) (noting that "[e]xpert discovery is narrowly construed to include the disclosure of experts and their reports," rather than obtaining documents, information, or other data that form the basis of an expert's report that may be served in the future); *see also Ruiz-Bueno v. Scott*, No. 212-cv-0809, 2014 U.S. Dist. LEXIS 17919, at *12-13 (S.D. Ohio Feb. 12, 2014) ("It would make little sense to have separate cutoff dates for fact and expert discovery if discovery of any information which might form the basis for expert opinions could be deferred to the 'expert discovery' phase...")

While the OAG claims that "additional time is needed because plaintiff's parole was revoked and he is back in the custody of…DOCCS," plaintiff's parole was revoked and he was back in DOCCS custody *on April 20, 2021*. Assuming the OAG, which also represents DOCCS, was not immediately aware of plaintiff's status on April 20, I advised all parties no later than May 13, 2021 that plaintiff was back in custody. Thereafter, the OAG arranged for and conducted the third of three depositions of plaintiff on June 23, 2021 at Mid-State Correctional Facility. Since the OAG now represents in its letter to the Court that it also has the ability to arrange an IME of plaintiff on less than one week's notice—"If we notify DOCCS by this Thursday to initiate the transfer, the IME of the plaintiff would be conducted on Tuesday (August 30) or Wednesday (August 31)…"—there is no reason why similar arrangements could not have been made months ago.

That plaintiff served an expert report on June 28, 2021, well within the time limit set by this Court, also is not an excuse for the OAG's delay in seeking an IME. Nearly one year ago the parties herein exchanged other medical reports and voluminous medical records relating to plaintiff (including reports and records generated by DOCCS medical providers who examined plaintiff while he was in DOCCS custody), so the OAG has long been aware of the injuries alleged by plaintiff and was in a position over the past year to determine whether it wanted to conduct an IME.

Finally, while I acknowledge that AAG Ortiz is relatively new to this case—she filed her Notice of Appearance on July 24, 2021, *see* Docket Entry No. 77—her office has represented the OAG defendants since the inception of this lawsuit. Nevertheless, I took into consideration Ms. Ortiz's addition to the case when I indicated to her that I would not oppose the request for an extension of time to complete *expert* discovery. The OAG's request was made for the express purpose only of allowing additional time for the parties to conduct depositions of their respective experts, which were to have been held only after all expert reports were exchanged.[2] This required my making alternative arrangements with my expert witness, since he and I anticipated that all expert reports already would have been exchanged within the time period agreed to by all parties, including the OAG. In any event, while I did not object to the request for an extension of time to conduct expert discovery, I never agreed, and Ms. Ortiz never requested of me, that I produce plaintiff for an IME months after the date by which any such exam was to have been held.

For the reasons stated above, plaintiff respectfully requests that the OAG's request that plaintiff now be ordered to appear for an IME be denied.

Thank you for your attention to this matter.

The Court agrees with Plaintiff. The OAG's request to, in effect, re-open fact discovery is untimely. Even taking into consideration counsel's recent addition to this case, the OAG itself had plenty of time to make the request for the IME of Plaintiff.

Very truly yours,

So Ordered.

8/25/21

Edward Sivin

Cc: All parties (via ECF)

---

[2] While the OAG has not yet exchanged any expert report within the time agreed up by all parties, the OAG's co-defendants in the consolidated action, *Stanbro v. Westchester County Health Care Corp., et al.*, 19-cv-10857, exchanged their expert reports in a timely manner without the benefit of an IME.