

## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

August 26, 2021

**VIA ECF**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:     *Stanbro v. Palou*, 20-cv-1591 (KMK)

Dear Judge Karas:

This office represents defendants Kristofer Leonardo, Richard Landry, Gary Pagliaro, and Enrique Torres (the "OAG Represented Defendants") in the above-captioned matter. The OAG Defendants respectfully request reconsideration of the Court's ruling of August 25, 2021, denying their application for their expert to conduct a medical examination pursuant to Fed. R. Civ. P. 35.

The Court's ruling is highly prejudicial to the OAG Defendants in that it does not rest on clearly established law. The OAG Defendants were not provided an opportunity to refute the Plaintiff's contention that an expert's Rule 35 exam is, in fact, part of fact discovery. Of interest, a point which Plaintiff himself has disregarded. The Court's ruling, as it stands, has consequences beyond the instant matter in that it sets a precedent that an rebuttal expert's own examination <u>must</u> now be obtained within the fact discovery deadline; requiring defendants to incur thousands of dollars on expert time in anticipation of a plaintiff's examination, which may not occur, and without awareness of what such examination would entail. This is the case here.

Neither of the cases cited by Plaintiff involve Rule 35 medical examinations to be conducted by defendants' rebuttal experts. To distinguish, *Almaty v. Ablyavoz*, 15-cv-05345 (KHP) (AJN), 2019 WL 25701 (S.D.N.Y. Jan. 22, 2019), involved subpoenaing documents on which the expert in question hoped to rely.  Although the Court ruled that obtaining the documents was fact discovery, Plaintiff did not inform Your Honor that the *Almaty* court ruled that fact discovery would be extended to permit the discovery, specifically noting that "preclusion of discovery is a

Page 2

drastic remedy that should be used only in cases where a different remedy cannot be crafted to minimize any prejudice to the party opposing the discovery." *Id*. at *4.

Also distinguishable is *Ruiz-Bueno v. Scott*, No. 2:12–cv–0809, 2014 WL 576400 (S.D. Ohio Feb. 3, 2014). In *Ruiz-Bueno*, the issue before the court was whether a plaintiff's expert application for a site visit should be allowed as it was made after the conclusion of fact discovery; not a request for a Rule 35 examination. Moreover, the court in *Ruiz-Bueno* noted that its ordinary practice was not to have separate deadlines for fact and expert discovery, but as the parties "[h]aving asked for such bifurcation of discovery, . . . are not in a strong position [to] now to argue in favor of what would amount to a negation of that concept." Id. at *4. Especially apropos here, according to the court in *Ruiz-Bueno*, prejudice to the plaintiff would be limited because the defendant's expert would be required to produce the fact discovery underlying its own expert's site visit.

Indeed, courts have held with good reason that an expert's Rule 35 medical exam is expert discovery because it is inextricably intertwined with their export report. In *Silva v. Mercado Food Enterprise Inc.,* No. 1:10–cv–02368 AWI JLT, 2012 WL 174926, *5 (E.D. Cal. Jan. 20, 2012), a court granting an expert's exam after the close of fact discovery but before the close of expert discovery observed that "Rule 35 does not set forth when a demand for an IME must be made. Instead, the Rule permits the Court to grant a request for an IME whenever a case is "'pending.'" Although noting that courts have expressed different views, the better view was that an expert's Rule 35 examination was part of expert discovery.

The *Silva* court explained:

> In *Minnard v. Rotech Healthcare Inc*., 2008 U.S. Dist. LEXIS 6149 at *6, 2008 WL 150513 (ED CA Jan. 15, 2008), the court determined that a report from an IME is, indeed, an expert report. The reasoning of the court that the report is an expert report under Fed. R. Civ. P. 26, the examining expert would not merely recite the objective results of the examination but would interpret them and conclude for the trier of fact. Id. The Court agrees that if this were not so, no one would bother retaining such an expert. Instead, the expert is expected "to advocate within reasonable grounds on behalf of the person for whom retained." *Id.*

*Silva,* 2012 WL 174926 at *6.

The *Silva* court noted that Rule 35 was required to be liberally construed particularly because it was intended to level the playing field for parties seeking discovery about medical conditions from party opponents who could control their own medical treatment. *Id*. Finally, the court noted that where the Rule 35 application was prior to the close of expert discovery, the applicant's due diligence was not an issue. *Id*. at *6 n. 5. *See also Furlong v. Circle Line*, 902 F.Supp. 65, 70 (S.D.N.Y. 1995)(although ultimately denying a request for a third Rule 35 exam because defendant had notice of the condition sought to be evaluated 2-1/2 years earlier and should have addressed the condition in the two prior examinations, Judge Chin noted that "there is no time limit in which to make a motion pursuant to Rule 35(a)…")

Page 3

In this case, the timeline of events makes plain the prejudicial effect of the Court's ruling on the OAG Defendants.  His own expert examined Plaintiff on January 6, 2021 yet the examination was not disclosed to defendants until the expert's report was produced on June 28, 2021; two (2) days before the close of fact discovery. Prior to June 28, 2021 and currently, Plaintiff has neither identified his expert as a fact witness nor provided the parties with copies of any of the medical records and/or notes this purportedly now  "fact" witness created at the time of the January 6, 2021 examination. Assuming *arguendo* that an expert examination is needed to be conducted during fact discovery,  the timing of plaintiff's disclosure of an examination, which was conducted almost seven (7) months before, at the eleventh hour is purposeful in that it intended to prejudice the defendants from conducting any rebuttal examination. Especially since said "fact" witness was not identified as such, at any point, prior to the disclosure of the expert report. If the OAG Defendants are denied the opportunity to have their expert conduct an examination, it is respectfully requested that Plaintiff's expert be not allowed to rely on any facts gained in his own examination, which has not been produced in fact discovery.

Moreover, Plaintiff has identified no prejudice to his case were the OAG Defendants permitted to conduct the IME of the Plaintiff.  As the previous paragraph demonstrates, he has not relied on the purported principle that expert medical examinations constitute fact discovery. Expert discovery is set to be completed by October 30, 2021. While we acknowledge that in light of the previously assigned OAG attorney's separation of employment and my assumption of representation of the OAG Defendants in this case, there was some delay  to recognize the need for the Rule 35 exam, the OAG Defendants are prepared to have the medical examination conducted in the coming week and disclose their expert report within a few days of such. Thereafter, Plaintiff will have until the expert discovery deadline of October 30, 2021.

Finally, as indicated above, the Court's ruling has consequences that go beyond this case. The Court's ruling if applied in other cases would require State defendants to spend thousands of dollars per case in anticipation of plaintiff expert discovery that may never occur, thereby standing the concept of a rebuttal expert on its head.

Fed. R. Civ. P. 1 requires the Rules of Civil Procedure to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Nothing in the Rules compels the Court's ruling on August 26, 2021 and we respectfully request that it be reconsidered and reversed, and that the OAG Defendants' application for a Rule 35 medical examination by its expert to be held on Tuesday or Wednesday of next week[1] be granted.

We sincerely appreciate the Court's time and thank you for your consideration of this application.

Respectfully submitted,

*S/ Julie A. Ortiz*
Julie A. Ortiz
Assistant Attorney General

---

[1] This depends on whether we are able to advise the Facility by close of business Friday of the transfer. If not, the transfer can be arranged immediately and the exam would occur a few days later.

Page 4

28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8476
Julie.Ortiz@ag.ny.gov

cc:      All counsel (via ECF)