UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAD STANBRO,

Plaintiff,

v.

CORRECTION OFFICER NADYA PALOU,
*et al.*,

Defendants.

No. 20-CV-1591 (KMK) (JCM)

ORDER

KENNETH M. KARAS, United States District Judge:

On August 24, 2021, Defendants Kristofer Leonardo, Richard Landry, Gary Pagliaro, and Enrique Torres, who are jointly represented by the New York Office of the Attorney General (together, "OAG Defendants"), moved via letter-motion for an Order to conduct an Independent Medical Examination ("IME") of Plaintiff Chad Stanbro ("Plaintiff") pursuant to Federal Rule of Civil Procedure 35(a). (*See* Mot. for Disc. (Dkt. No. 84).) Plaintiff opposed OAG Defendants' motion on timeliness grounds, (*see* Opp'n to Mot. for Disc. (Dkt. No. 85)), and on August 25, 2021, the Court denied it as untimely, (*see* Order on Mot. for Disc. (Dkt. No. 86)). OAG Defendants now seek reconsideration of the Court's August 25 Order, (*see* Mot. for Recons. (Dkt. No. 87)), which Plaintiff opposes, (*see* Opp'n to Mot. for Recons. (Dkt. No. 88)). OAG Defendants' Motion for Reconsideration is denied.

While "there is no bright-line rule requiring that requests for Rule 35 examinations must always be brought before the close of fact discovery," *Does 1–5 v. City of Chicago*, No. 18-CV-3054, 2019 WL 2076260, at *1 (N.D. Ill. May 10, 2019) (quotation marks omitted), courts that have allowed post-fact discovery IMEs to go forward typically base their rulings in large part on

findings that the need for an IME was unforeseeable prior to the fact discovery deadline or that the movant's delay in seeking an IME was otherwise reasonable under the circumstances, *see, e.g.*, *Narayan v. Compass Grp. USA, Inc.*, No. 17-CV-999, 2019 WL 265109, at *2–4 (E.D. Cal. Jan. 18, 2019) (finding post-fact discovery request for Rule 35 examination to be timely because, *inter alia*, "[the] plaintiff rebuffed [the] defendant's first request for the exam which came before the close of fact discovery"); *Walti v. Toys R Us*, No. 10-CV-2116, 2011 WL 3876907, at *4–5 (N.D. Ill. Aug. 31, 2011) (finding post-fact discovery request for Rule 35 examination to be timely because, *inter alia*, "[the defendant] first learned (or confirmed) during the treating professionals' depositions that they arrived at their diagnoses . . . without performing any peer-reviewed tests," explaining that "[the defendant] is not required to rely on the conclusions of [the plaintiff's] treating professionals and is entitled to a reasonable opportunity to test those conclusions by using standardized or peer-reviewed . . . examinations"), *objections overruled*, 2011 WL 4715198 (N.D. Ill. Oct. 6, 2011); *Vilkhu v. City of New York*, No. 06-CV-2095, 2007 WL 2713340, at *5 (E.D.N.Y. Sept. 13, 2007) (affirming magistrate judge's decision to grant the defendants' request for a Rule 35 examination and reopen fact discovery because "[the] defendants provided an explanation for the delay in requesting a Rule 35 examination," namely, that the defendants learned during the deposition of one of the plaintiff's doctors, after the close of fact discovery, that one of the plaintiff's preexisting conditions "could be an explanation of his current symptoms" (quotation marks omitted)).[1]

---

[1] While OAG Defendants correctly note that the authorities cited in Plaintiff's Opposition to OAG Defendants' Motion for Discovery are inapposite, since neither *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345, 2019 WL 275701 (S.D.N.Y. Jan. 22, 2019) nor *Ruiz-Bueno v. Scott*, No. 12-CV-809, 2014 WL 576400 (S.D. Ohio Feb. 12, 2014) concerns requests for IMEs pursuant to Rule 35, (*see* Mot. for Recons. (Dkt. No. 87) at 1–2), OAG Defendants' authorities fare no better.  In *Silva v. Mercado Food Enter., Inc.*, No. 10-CV-2368, 2012 WL 174926 (E.D. Cal. Jan. 20, 2012), the court rested its decision to order the requested IME in large

Here, OAG Defendants have not put forth an adequate explanation justifying their delay in requesting an IME of Plaintiff.  Plaintiff correctly notes that OAG Defendants have known since at least April 2, 2020—when Plaintiff filed his Amended Complaint, (*see* Dkt. No. 12)—that Plaintiff was alleging severe and lasting injuries as a result of alleged conduct by a group of individuals including OAG Defendants, (*see* Opp'n to Mot. for Recons. (Dkt. No. 88) at 1), and thus, the need for an IME was foreseeable, *see Miksis v. Howard*, 106 F.3d 754, 758 (7th Cir. 1997) (denying post-fact discovery request for Rule 35 examination where "[the] [d]efendants knew from day one that [the] plaintiff's medical condition was an issue, yet they failed to request the medical examination until [five months after the discovery cut off]"); *accord Balzer v. Am. Family Ins. Co.*, No. 08-CV-241, 2010 WL 1838431, at *1–2 (N.D. Ind. May 6, 2010) (denying post-fact discovery request for Rule 35 exam because "[t]his case is on all fours with *Miksis*"; "[l]ike the defendants in *Miksis*, [this defendant] was on notice from the day [the plaintiff's] complaint was filed that his medical condition was an issue, and . . . [l]ike the defendants in *Miksis*, [this defendant] let the discovery deadline pass without requesting a Rule 35 medical examination").  Further, OAG Defendants do not credibly allege that they learned any new information after the close of fact discovery justifying their delay,[2] instead, they readily concede

---

part upon its finding that the governing scheduling order was ambiguous, since the contemplated deadline for non-dispositive motions (such as motions to compel) was after the deadline for fact discovery.  *Id.* at *4, *6.  By contrast, the governing scheduling order here contains no such ambiguity.  (*See generally* Am. Case Mgmt. & Scheduling Order (Dkt. No. 66).)  And while *Furlong v. Circle Line Statue of Liberty Ferry, Inc.*, 902 F. Supp. 65 (S.D.N.Y. 1995) does state that "there is no time limit in which to make a motion pursuant to Rule 35(a)," *id.* at 70, this quotation is itself paraphrasing from the Wright & Miller treatise, the pertinent section of which reads, in full, "*[e]xcept for the discovery cutoff*, there is no time limit on when a motion for a physical or mental examination can be made," Wright & Miller § 2234 (emphasis added) (footnote omitted).

[2] OAG Defendants' suggestion that the reason for the delay was the fact that Plaintiff did not disclose that he was examined by his own expert on January 6, 2021 until Plaintiff produced his expert's report on June 28, 2021 is unconvincing.  (*See* Mot. for Recons. (Dkt. No. 87) at 3.)

that their failure to make a timely request for an IME was an oversight.  (*See* Mot. for Disc. (Dkt. No. 84) at 1 (explaining that "[a]t the time [the parties requested an extension of the expert discovery deadline], unbeknownst to the undersigned and my supervisor, . . . an IME had not been conducted"); Mot. for Recons. (Dkt. No. 87) at 3 ("[W]e acknowledge that in light of the previously assigned OAG attorney's separation of employment and my assumption of representation of the OAG Defendants in this case, there was some delay to recognize the need for the Rule 35 exam[.]").)  Moreover, OAG Defendants' claim that the denial of its request "has consequences that go beyond this case" in that it "would require State defendants to spend thousands of dollars per case in anticipation of plaintiff expert discovery that may never occur, thereby standing the concept of a rebuttal expert on its head," (Mot. for Recons. (Dkt. No. 87) at 3), is overwrought.  District courts often deny such requests, *e.g.*, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 19-MD-2885, 2020 WL 8617623, at *2 (N.D. Fla. Dec. 4, 2020) (collecting cases denying post-fact discovery requests for Rule 35 examinations), as has a circuit court on at least one occasion, *see Miksis*, 106 F.3d at 758–59; this Court's order is unlikely to affect meaningful change in state defendants' cost-benefit analyses.

In sum, as the Court explained on August 25, 2021, OAG Defendants' request to effectively reopen fact discovery is untimely, and OAG Defendants have not demonstrated good cause warranting an alternative outcome.  *See Doe v. Town of Hopkinton*, No. 14-CV-13224, 2016 WL 6905373, at *1 (D. Mass. Nov. 23, 2016) ("[The] [d]efendants failed to demonstrate the good cause Rule 35 demands.  In essence, they argue that they need the examination to 'level the playing field' because [the] [p]laintiffs' experts examined [the plaintiff], and their (*rebuttal*)

---

Plaintiff produced his expert report two days before the close of fact discovery (as OAG Defendants admit, (*see id.*)), and two months before OAG Defendants filed their request for an IME.  OAG Defendants' delay cannot be attributed to any action or inaction by Plaintiff.

expert has not. . . . That [the] [d]efendants now realize that [the] [p]laintiffs may have prepared for trial in a manner that [the] [d]efendants did not anticipate does not warrant subjecting [the plaintiff] to further examination."). Accordingly, OAG Defendants' Motion for Reconsideration is denied. However, Plaintiff shall provide OAG Defendants with any medical records or notes that Plaintiff's expert created during the expert's January 6, 2021 examination of Plaintiff and relied upon in arriving at the opinions expressed in the expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), to the extent not already provided.

SO ORDERED.

Dated: September 14, 2021
      White Plains, New York

_____
      KENNETH M. KARAS
      United States District Judge