UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHAD STANBRO,

            Plaintiff,

      -against-

WESTCHESTER COUNTY HEALTH
CARE CORPORATION, WESTCHESTER
MEDICAL CENTER, FRANK WEBER and           7:19-cv-10857-KMK
JOHN FULL,

            Defendants.
------------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHAD STANBRO,

            Plaintiff,

      -against-

CORRECTION OFFICER NADYA PALOU,
CORRECTION OFFICER RAYMOND DEAL,
CORRECTION OFFICER KRISTOFER LEONARDO,   7:20-cv-01591-KMK
CORRECTION OFFICER RICHARD LANDRY,
CORRECTION NURSE GARY PAGLIARO and
CORRECTION SERGEANT ENRIQUE TORRES,

            Defendants.
------------------------------------------------------------X

## DEFENDANTS LANDRY, LEONARDO, PAGLIARO, AND TORRES' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTIONS *IN LIMINE*

                        Letitia James
                        Attorney General of the State of New York
                        Attorney for Defendants Landry, Leonardo,
                        Pagliaro, and Torres
                        28 Liberty Street
                        New York, New York 10005
                        (212) 416-6185/8591

JEB HARBEN
JOHN R. DORAN
Assistant Attorney Generals
 of Counsel

**PRELIMINARY STATEMENT**

Defendants Landry, Leonardo, Pagliaro, and Torres ("Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motions in limine. In this action pursuant to 42 U.S.C. § 1983, plaintiff Chad Stanbro alleges that Defendants used excessive force against him on August 31, 2018 while he was an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), in violation of his Eighth Amendment rights.

Defendants respectfully seek an order: (1) precluding materials concerning Plaintiff's grievances filed while in DOCCS custody as well as any other written statements by Plaintiff; (2) permitting defendant to cross-examine the plaintiff on his underlying criminal conviction; (3) precluding reference to DOCCS Directives and the DOCCS Employee Manual; (4) precluding attorney Edward Sivin from testifying; (5) precluding evidence of economic damages; (6) precluding references to use of force based on Plaintiff's statements found in medical and other treatment records; (7) precluding reference to investigations by the District Attorney, New York State Police, and DOCCS Office of Special Investigations; (8) precluding medical illustrations (subject to further review); (9) precluding photographic and videographic evidence (subject to further review); and (10) precluding Plaintiff's state law claims.

**ARGUMENT**

**I.   PLAINTIFF'S GRIEVANCES AND STATEMENTS SHOULD BE EXCLUDED AS INADMISSIBLE HEARSAY OR AS IRRELEVANT**

While not listed as exhibits to be offered on Plaintiff's case in chief, Plaintiff should be precluded from submitting or referring to any portions of his grievances or other statements to the jury for any purposes. Plaintiff's grievances are inadmissible hearsay, and plaintiff's use of them would amount to unnecessary and improper bolstering of plaintiff's claim. See FED. R. EVID.

1

801(c), 803. Plaintiff himself will be testifying regarding the events in question. Thus, grievance materials should be precluded in Plaintiff's case-in-chief because they are self-serving, after-the-fact, and are likely to be duplicative, confusing, or misleading to a jury. See FED. R. EVID. 403.

Submitting any of Plaintiff's grievances to the jury, aside from constituting hearsay and improper bolstering, are likely to be confusing and prejudicial. See, e.g., Williams v. County of Orange, 03 Civ. 5182 (LMS), 2005 U.S. Dist. LEXIS 46051 (S.D.N.Y. December 13, 2005)(stating that the court "generally has discretion to exclude such hearsay on other grounds, such as where the evidence's probative value is substantially outweighed by the danger of unfair prejudice") (internal citations omitted). This is, in part, because the jury will need to have the DOCCS grievance process explained to them and will be further confused if they are not made aware of the outcome of the grievances. Plaintiff's grievance history is also irrelevant because exhaustion of administrative remedies is not at issue in this case; nor are Defendants claiming, at this time, that Plaintiff has fabricated new claims since he filed his grievance regarding the alleged incident.

Defendants reserve the right to use Plaintiff's grievances as admissions or for the purposes of impeachment. Their use for this purpose may only become apparent after Plaintiff has testified. In this event, Plaintiff can then argue that he should be able to use such grievances as well.

**II.    DEFENDANT SHOULD BE ALLOWED TO CROSS EXAMINE THE PLAINTIFF ON HIS CRIMINAL CONVICTIONS**

If Plaintiff intends on testifying, Defendants should be allowed to cross examine him on the criminal conviction for which he was incarcerated for. Fed. R. Evid. 609, entitled "Impeachment by Evidence of a Conviction of Crime," states that subject to Fed. R. Evid. 403, evidence of a witness's criminal conviction may be used to attack his or her character for truthfulness if it's for a crime that was punishable by more than one year in prison. FED. R. EVID.

2

609(a). Evidence of a witness's felony conviction is admissible if the date of conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, is within ten years. See Fed. R. Evid. 609(b); see also Farganis v. Town of Montgomery, 397 Fed. Appx. 666, 669 (2d Cir. 2010). Plaintiff was released on or about November 18, 2021 after being sentenced for a crime with a five-year maximum sentence. See June 6, 2022 Declaration of Jeb Harben ("Harben Decl."), Exh. A. Therefore, Plaintiff's criminal conviction for which he was recently incarcerated for "must" be admitted under Federal Rule 609, subject to balancing under Fed. R. Evid. 403.

Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Here, any prejudice to Plaintiff would be limited as the crime for which Plaintiff was convicted bears no resemblance to the allegations in this case, and the jury will already know of Plaintiff's incarceration based upon the facts of the case. See, e.g., Lewis v. Velez, 149 F.R.D. 474, 482-83 (S.D.N.Y. 1993)(Court allowed defendants' counsel to ask the incarcerated plaintiff on cross examination about plaintiff's prior drug conviction because "given the jury's awareness that the plaintiff is a convicted felon, there is no prejudice that could substantially outweigh that probative value.") Further, since this case is essentially the Plaintiff's version of events versus the Defendants' version of events, the credibility of the accuser is of significant relevance to determine the veracity of those claims.

### III. DOCCS DIRECTIVES AND EMPLOYEE HANDBOOK SHOULD BE EXCLUDED

Plaintiff has listed several DOCCS directives as well as the Employee Handbook (Exhibits 30 – 33). None of these documents are relevant to the issues in this case and their admission will only serve to confuse, and potentially prejudice, the jury. Fed. R. Evid. 403. Moreover, state regulations and directives do not create constitutional rights and are not relevant to the

constitutional claims here: "[s]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures." Shakur v. Selsky, 391 F.3d 106, 119 (2d Cir. 2004); A'Gard v. Perez, 919 F. Supp. 2d 394, 403 (S.D.N.Y. 2013) (prison regulations create no constitutional claims). To the extent Plaintiff's Exhibit 30 (Directive 4943) concerns video recordings that were the subject of Plaintiff's spoliation motion, there will already be testimony on that issue and an instruction from the Court, submitting the Directive wholesale to the jury will be prejudicial and confusing in what will already be a lengthy and complicated trial.

### IV.     **WITNESS EDWARD SIVIN SHOULD BE EXCLUDED**

Plaintiff's witness list includes his attorney Edward Sivin, who has litigated this case since its inception, and who will, presumably, testify about a conversation he had with defendant Palau after he reached out to defendant Palau on Facebook. Harben Decl., Exh. B (deposition testimony).[1] Mr. Sivin was not named in Plaintiff's Fed. R. Civ. P. 26(a) disclosures and his testimony should be precluded pursuant to Fed. R Civ. P. 37(c) (1). See Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (precluding witness who was not disclosed). Relevant factors to be considered under Patterson are "the importance of the testimony of the precluded witness . . . the prejudice suffered by the opposing party . . . and [] the possibility of a continuance." Id. Here, in particular, Mr. Sivin's testimony is not important as he is not a witness to any of the actual events relevant to the case and he questioned defendant Palau at Palau's deposition about purported aspects of the conversation. Plaintiff is free to cross-examine defendant Palou, but must not be allowed to testify as to the alleged conversation. Moreover, Defendants will be prejudiced having to prepare for Mr. Sivin's testimony (and likely deposing him which will consume time and

---

[1] It is unclear why the attorney litigating a case would contact an opposing defendant directly knowing that the defendant would later be represented by counsel, but that is a separate issue.

4

resources a mere 3 weeks before trial). In any event, counsel should not be allowed to testify on his client's behalf as it is not necessary here. See U.S. v. Foirillo, 376 F.d 180, 185 (1967) (noting showing of necessity required).

### V. EVIDENCE OF PLAINTIFF'S ECONOMIC DAMAGES SHOULD BE EXCLUDED

Based on prior deposition testimony in the case (by Plaintiff), it appears that Plaintiff may argue that his current medical condition may preclude him from certain more physical, higher paying, jobs (such as working as a roofer), than he is able to work now (fast food, etc.). No documentary evidence (tax returns, pay stubs, etc.) was produced in discovery to support any claim that Plaintiff, in fact, worked any higher paying, more physical, jobs. In any event, Plaintiff must be precluded from offering evidence concerning potential lost earning capacity (and the present value of future lost earnings) as he has no expert witness to properly quantify such claims to any degree of reasonable certainty and any attempt to do so without expert testimony would be speculative as these are not matters that can be calculated by a jury with any reasonable certainty. Carroll v. U.S., 295 Fed.Appx. 382, 385 (2d Cir. 2008) (requiring reasonable certainty).

### VI. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING AS PROOF OF DEFENDANTS' ALLEGED USE OF FORCE REFERENCED IN MEDICAL RECORDS

Plaintiff may attempt to allege that proof of the alleged use of excessive force is documented in various medical records maintained by DOCCS and providers outside of DOCCS (Plaintiff's Proposed Exhibits 6, 38, 39, 40, and 41) that have been produced in this action. Any such references concern statements made by plaintiff to medical providers and do not appear to concern information necessary for his treatment. Aside from these statements being hearsay, they are also potentially highly prejudicial in that they may be misconstrued as concerning healthcare

5

providers' opinions of what occurred. Those references should be redacted from any document that the jury is allowed to consider.

Any statements about excessive force would be offered to prove the truth of the matter asserted and are hearsay. These statements do not fall under the Rule 803(4) exception because: (1) the statements were not pertinent to Plaintiff's treatment or diagnosis by the medical professionals; and (2) statements attributing fault do not qualify under this hearsay exception. Rule 803(4) provides, in pertinent part, that: "the following are not excluded by the hearsay rule, even though the declarant is available as a witness: ...(4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

Statements made by a patient-plaintiff that were not relied on by a physician in choosing to treat a patient-plaintiff, are not admissible under Rule 803(4). See, e.g., Turner v. White, 443 F. Supp. 2d 288, 298 (E.D.N.Y. 2006)("it does not appear that [detainee-plaintiff's] statement was relied on by the physician in his decision to treat the plaintiff and thus the statement would fall outside the scope of Rule 803(4)).

In this case, any statements made by Plaintiff as to causation of his alleged injuries were not at all relevant to his treatment by the professionals to whom he made the statements. The guarantees of trustworthiness are absent here since the statements made to the medical or mental health professional would not have had any consequences on Plaintiff's treatment. Plaintiff, as an incarcerated individual and ward of the State of New York, would have received medical treatment

regardless as to whether he alleged that the Defendants used excessive force against him. Thus, there is no guarantee of trustworthiness and the hearsay exception does not apply.

The Court must inquire whether Plaintiff's motivation for giving information was to aid in his own diagnosis and treatment or to fix responsibility for what happened. Accordingly, statements attributing fault are not reasonably pertinent. See United States v Narciso, 446 F. Supp. 252 (E.D. Mich. 1976). Here, clearly Plaintiff's motivation was to find fault, not to seek treatment or diagnosis.

For example, even the Unusual Incident Report file (Plaintiff's Proposed Exhibit 6) contains medical records from an outside provider that repeatedly state that Plaintiff was "wrestled to the ground and one of the guards was kneeling on his neck." See Defendants 066, 069, and 076 (Harben Decl., Exh. C). This is not a medical diagnosis by any provider and is clearly a reference to a statement made by Plaintiff. The medical records in this case contain many other references to self-serving statements by Plaintiff to providers concerning the August 2018 incident that should also be redacted.

## VII. MATERIALS AND WITNESSES REGARDING THE DISTRICT ATTORNEY ("DA"), NEW YORK STATE POLICE ("NYSP"), AND DOCCS OFFICE OF SPECIAL INVESTIGATIONS ("OSI") INVESTIGATIONS

Plaintiff's Exhibits 36 and 37 and proposed witnesses Ramsey (OSI), Ortiz (OSI), Sculco (DA), Salinas (DA), and Justin (NYSP) all concern investigations into Defendants that never resulted in any charges being brought against them by the entities investigating them. None of these witnesses personally observed any of the events at issue here, nor have they been identified as expert witnesses. Any statements of these witnesses about the propriety of charges or whether there was misconduct would just be their opinion testimony. Their admission at trial would consume time at an already lengthy and complex trial with a side trial concerning these

investigations and confuse the jury. Even if relevant, allowing the jury to be exposed to this evidence will be highly confusing and prejudicial and should be precluded under Fed. R. Evid. 403.

## VIII. MEDICAL ILLUSTRATIONS

Plaintiff's Exhibit 42 is described as "Medical illustrations of plaintiff's spine and surgery." These illustrations have not been provided. Accordingly, Defendants object to their admission subject to reviewing them.

## IX. PLAINTIFF'S PROPOSED EXHIBITS 1 – 4

As per the JPTO at 15, n. 2, Defendants reserve their right to object to these photographic and videographic exhibits to the extent they have not yet been provided and may be objectionable.

## X. PLAINTIFF'S STATE LAW CLAIMS

As previously raised with the Court (ECF No. 121), Plaintiff's state law claims against Defendants Landry, Leonardo, Torres, and Pagliaro (as well as Defendants Deal and Palau) are barred by Correction Law § 24. Plaintiff should be precluded from raising any arguments regarding these state law claims, the Court should provide no instructions, and the verdict sheet should make no reference to them. While the Court declined to allow Defendants to raise this argument via a Fed. R. Civ. P. 12(c) motion because the Court determined that the request was untimely and too close to trial (ECF No. 123), a Correction Law § 24 defense is jurisdictional and may not be waived due to untimeliness. See McLean v. Ferguson, No. 9:20 Civ. 1115, 2021 WL 6750544, at *7 (N.D.N.Y. Nov. 5, 2021) (subject matter jurisdiction applies to Correction Law § 24), report and recommendation adopted, 2022 WL 252162 (N.D.N.Y. Jan. 27, 2022). While Plaintiff may question whether these Defendants were acting within the scope of their employment as is required for Correction Law § 24 to apply, Plaintiff has alleged that they were each, in fact, "acting within

the course and scope of [their] employment as a DOCCS" employee. ECF No. 10 ECF No. 11 at §§ 7 (Palou), 11(Deal), 15 (Leonardo), 19 (Landry), 23 (Pagliaro), and 27 (Torres), which resolves the issue in each Defendant's favor for the purposes of this motion. Accordingly, Plaintiff should be precluded from raising these claims here. Indeed, the Court may <u>sua sponte</u> dismiss these claims as it lacks subject matter jurisdiction over them.

## CONCLUSION

For all the foregoing reasons, Defendants' Motions in Limine should be granted.

Dated:	New York, New York
	June 6, 2022

>	LETITIA JAMES
>	Attorney General of the
>	 State of New York
>	Attorney for Defendants Landry, Leonardo, Torres, <u>and Pagliaro</u>

By:	<u>/s/Jeb Harben</u>
	JEB HARBEN
	JOHN R. DORAN
	Assistant Attorneys General
	28 Liberty Street
	New York, New York  10005
	(212) 416-6185/8591
	Jeb.harben@ag.ny.gov
	John.doran@ag.ny.gov

TO: Counsel of record (via ECF)

9