# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **CHAD STANBRO**,<br><br>                      Plaintiff,<br><br>     v.<br><br>**WESTCHESTER COUNTY HEALTH CARE CORPORATION, WESTCHESTER MEDICAL CENTER, FRANK WEBER, and JOHN FULL**,<br><br>                 Defendants. | Case No.<br>7:19-cv-10857<br>(KMK-JCM) |
| **CHAD STANBRO**,<br><br>                      Plaintiff,<br><br>     v.<br><br>**CORRECTION OFFICER NADYA PALOU, CORRECTION OFFICER RAYMOND DEAL, CORRECTION OFFICER KRISTOFER LEONARDO, CORRECTION OFFICER RICHARD LANDRY, CORRECTION NURSE GARY PAGLIARO and CORRECTION SERGEANT ENRIQUE TORRES**,<br><br>                 Defendants. | Case No.<br>7:19-cv-10857<br>(KMK-JCM) |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS LEONARDO, LANDRY, PAGLIARO, AND TORRES' MOTIONS IN LIMINE

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... ii

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT ..................................................................................................... 2

    I.   Defendants' Motion to Prelude Reference to All DOCCS Directives and the DOCCS Employee Manual is Overly Broad and Improper ..................................... 2

    II.   Attorney Edward Sivin Should Not Be Precluded From Testifying to a Conversation He Had With Defendant Palou ........................................................... 3

    III.   Plaintiff Should Not Be Precluded From Offering Medical and Other Treatment Records That Reference Use of Force ...................................................... 6

    IV.   Plaintiff Should Not Be Precluded From Any and All References to District Attorney, New York State Police, and DOCCS Office of Special Investigations ..... 7

    V.   Plaintiff Should Not Be Precluded From Officering Into Evidence Medical Illustrations or Photographic and Videotape Evidence ........................................... 8

    VI.   Plaintiff Should Not Be Precluded From Advancing State-Court Claims Against the DOCCS Defendants If Those Defendants Refuse to Concede That Their Actions Were Undertaken Within the Course and Scope of Their Employment ................................................................................................................. 8

CONCLUSION .......................................................................................................... 9

i

# TABLE OF AUTHORITIES

## Cases                                                              Page(s)

*Brown v. City of New York*,
   798 F.3d 94 (2d Cir. 2015) ........................................................................... 3

*Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*,
   2002 U.S. Dist. LEXIS 17502 (S.D.N.Y. 2002) ......................................... 4

*Garner v. Tennessee*,
   471 U.S. 1 (1985) .......................................................................................... 3

*Ierardi v. Sisco*,
   119 F.3d 183 (2d Cir. 1997) ......................................................................... 9

*Ludwig v. Anderson*,
   54 F.3d 465 (8th Cir. 1995) ......................................................................... 3

*Maddox v. City of Los Angeles*,
   792 F.2d 1408 (9th Cir. 1986) ..................................................................... 3

*Morgenstern v. Cty. of Nassau*,
   2008 U.S. Dist. LEXIS 91746 (E.D.N.Y. 2008) ......................................... 5

*Murray v. Metro. Life Ins. Co.*,
   583 F.3d 173 (2d Cir. 2009) ......................................................................... 5

*O'Gee v. Dobbs Houses*, Inc.,
   570 F.2d 1084 (2d Cir. 1978). ...................................................................... 6

*See Mason v. Moore*,
   2021 U.S. Dist. LEXIS 176122 (N.D.N.Y. 2021) ...................................... 2

*Tranchina v. McGrath*,
   2020 U.S. Dist. LEXIS 143212 (N.D.N.Y. 2020) ...................................... 7

*Wei Su v. Sotheby's, Inc.*,
   2021 U.S. Dist. LEXIS 151115 (S.D.N.Y. 2021) ....................................... 5

## Statutes

N.Y. Corr. Law § 24 ........................................................................................ 8

## Rules

Fed. Rules of Evid. 803 ................................................................................. 6, 7

Federal R. Civ. P. 26 ........................................................................................ 4

Rule of Professional Conduct 3.7 .................................................................... 5

## Treatises

6 Moore's Federal Practice ............................................................................... 4

## PRELIMINARY STATEMENT

Plaintiff submits this Memorandum of Law in partial opposition to the motions in limine filed by defendants Leonardo, Landry, Pagliaro, and Torres, Dkt. No. 140,[1] in these consolidated actions. Plaintiff does not oppose those portions of defendants' motion that seek an order "precluding materials concerning Plaintiff's grievances filed while in DOCCS custody as well as any other written statements by Plaintiff"—with one caveat:[2] "permitting defendant to cross-examine the plaintiff on his underlying criminal conviction," and "precluding evidence of economic damages." Plaintiff does oppose those portions of defendants' motion that seek an order "precluding reference to DOCCS Directives and the DOCCS Employee Manual," "precluding attorney Edward Sivin from testifying," "precluding references to use of force based on Plaintiff's statements found in medical and other treatment records," "precluding reference to investigations by the District Attorney, New York State Police, and DOCCS Office of Special Investigations," "precluding medical illustrations (subject to further review)," "precluding photographic and videographic evidence (subject to further review)," and "precluding Plaintiff's state law claims."

---

[1] All citations to docket numbers refer to the docket sheet under Case No. 7:20-cv-01591.

[2] Although defendants have not identified any grievances or other written statements, plaintiff currently does not intend to offer any such documents into evidence. However, plaintiff reserves the right to offer into evidence *any* documents whose relevance is subsequently made apparent by events that unfold at trial. As just one example, a prior written statement by plaintiff may be relevant to rebut any charge of recent fabrication made by defendants during trial.

## ARGUMENT

I.      **Defendants' Motion to Prelude Reference to All DOCCS Directives and the DOCCS Employee Manual is Overly Broad and Improper**

In an August 27, 2021 decision on plaintiff's motion for spoliation sanctions for defendants' purported loss of a hand-held video recording of plaintiff being removed to a hospital following the August 31, 2018 incident, Magistrate Judge Judith C. McCarthy stated, "Plaintiff is entitled to adduce evidence at trial regarding: (1) the creation of the Video; (2) *DOCCS's obligation to preserve the Video*; (3) the absence of the Video; and (4) the Video's likely relevance to Plaintiff's deliberate indifference claim against Sergeant Torres." Dkt. No. 89, at p. 32 (emphasis added). As defendants undoubtedly know, the "evidence regarding…DOCCS' obligation to preserve the Video" includes, but is not limited to, the DOCCS directive regarding preservation of such videos and defendant Torres' knowledge and violation of that directive. Accordingly, precluding plaintiff from even "referencing" that directive, which is what defendants are seeking, would run directly afoul of the August 27th order.

Defendants' additional request that plaintiff be precluded from even "referencing" any other DOCCS directives, none of which defendants identify in their motion, is overly broad and premature. *See Mason v. Moore*, 2021 U.S. Dist. LEXIS 176122, at *6-7 (N.D.N.Y. 2021) (declining to rule on admissibility of DOCCS directive "until such time as a party actually seeks to admit it and there has been an opportunity for objections to be made and fully argued."). Whether this Court will permit plaintiff to reference, or even offer into evidence, a particular DOCCS

2

directive necessarily will depend on the context and purpose for which the reference or offer is made. Indeed, while a violation of a DOCCS directive does not per se constitute a constitutional violation, there are circumstances in which guidelines and directives issued by State law enforcement agencies are relevant and admissible in assessing whether excessive force was used against a plaintiff. *See, e.g., Brown v. City of New York*, 798 F.3d 94, 101 n.11 (2d Cir. 2015) ("The dissent suggests that the Patrol Guide standard is not relevant because the excessive force standard derives from the Constitution. Dissenting op. [7]. But the Supreme Court in *Garner v. Tennessee*, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985), considered police regulations of several jurisdictions in making a constitutional ruling on excessive force, *see id.* at 18-19, and regulations of a single department have also been considered relevant to a constitutional ruling on excessive force.") (citing *Ludwig v. Anderson*, 54 F.3d 465, 472 (8th Cir. 1995) and *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1414 (9th Cir. 1986)).

The same reasoning applies with respect to defendants' blanket request that plaintiff be precluded from even referencing any portion of the DOCCS Employee Manual.

## II.   Attorney Edward Sivin Should Not Be Precluded From Testifying to a Conversation He Had With Defendant Palou

Attorney Edward Sivin should not be precluded from testifying at trial as to a conversation he had with defendant Palou, as defendants had timely notice of Sivin as a potential witness, and Sivin will not be acting as "trial counsel" in this case.

3

As defendants correctly discern, plaintiff intends to call attorney Edward Sivin as a witness to statements made by Palou in a telephone conversation he had with her when she was in default and not represented by an attorney. Defendants similarly acknowledge that they knew about this telephone conversation, and what Sivin alleged Palou said during that conversation, as early as April 29, 2021 (well over a year ago), when Palou was deposed. *See* Dkt. No. 142 ("Declaration of Jeb Harben"), at ¶ 4. Plaintiff also listed Edward Sivin as a trial witness in a proposed Joint Pre Trial Order that was circulated to all parties on May 2, 2022, or 56 days before the scheduled trial. The parties' final proposed JPTO then was filed with the Court on May 20, 2022, or 38 days before trial. Dkt. No. 124. At no time, however, did defendants seek to depose Sivin.

Sivin was not listed in plaintiff's initial FRCP 26(a)(1) disclosure because he was not a potential witness at that early stage of the litigation; the telephone call between Sivin and Palou had not yet occurred. Since defendants thereafter became aware of Sivin's identity as a potential witness, and the subject matter to which he would be in a position to testify, any "failure" of plaintiff to make a more formal exchange should be deemed harmless, and would not justify preclusion. *See Fleet Capital Corp. v. Yamaha Motor Corp., U.S.A.*, 2002 U.S. Dist. LEXIS 17502, at *6 (S.D.N.Y. 2002) ("'[A] failure to disclose witness information is '"harmless"' if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial.") (quoting 6 Moore's Federal Practice § 26.27[2][d] at p. 26-93); *see also Morgenstern v. Cty. of Nassau*, 2008 U.S. Dist.

4

LEXIS 91746, at *8 (E.D.N.Y. 2008) ("Finally, Hohn was also listed on Defendants'
Proposed Joint Pre-trial Order as a trial witness. Although Defendants should have
complied more diligently with the discovery rules, Defendants' failure to disclose
Hohn does not warrant the severe sanction of striking Hohn's testimony because
Plaintiff was well aware of Hohn's identity and the scope of his knowledge.").

Sivin's participation in the trial of this case also does not preclude him from
testifying under RPC 3.7(a). Although Sivin is part of the "trial team," he will be not
acting as "trial counsel" in the sense of questioning any witnesses or advocating
before the jury,[3] and therefore does not fall under the ambit of RPC 3.7(a). *See, e.g.*,
*Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 179 (2d Cir. 2009) ("In this case, four
Debevoise lawyers are likely to be called to testify at trial. Three of them are
transactional lawyers who are not and will not be trial advocates; the fourth, a
litigator, is a member of the trial team, but will not act as an advocate before the
jury. None of these witnesses, then, is properly considered trial counsel for purposes
of Rule 3.7(a)."); *Wei Su v. Sotheby's, Inc.*, 2021 U.S. Dist. LEXIS 151115 (S.D.N.Y.
2021) (denying motion to preclude testimony of lawyer who will not be questioning
witnesses or advocating before the jury).

---

[3] While Sivin, along with Glenn Miller, is listed as "trial counsel" in the parties'
proposed JPTO, plaintiff represents to the Court that Sivin will not be questioning
any witnesses or advocating for plaintiff before the jury in this case.

### III.     Plaintiff Should Not Be Precluded From Offering Medical and Other Treatment Records That Reference Use of Force

Fed. Rule of Evid. 803 provides, in pertinent part, that "[t]he following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness....(4)...A statement that: (A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past medical history; past or present or sensations; their inception; or their general cause." *Id.* Where statements are made to a physician about the patient's condition and the physician relies on the statements in formulating his opinion and treatment plan, then such statements are generally admissible. *See O'Gee v. Dobbs Houses, Inc.*, 570 F.2d 1084, 1089 (2d Cir. 1978).

Here, statements made to healthcare providers that the paralyzed plaintiff was kneed in the neck, as opposed to stung by the notoriously dangerous Australian box jellyfish, certainly would be germane to that physician's treatment and diagnosis of the patient. Defendants' blanket request to preclude any and all references to a "use of force" against plaintiff thus is overly broad and inconsistent with Fed. Rule Evid. 803(4). While plaintiff acknowledges that there potentially are some entries in hospital and other records that either or both sides might want to have redacted, a decision on such a request must await an identification of the particular entry and its relevance to diagnosis and/or treatment.

IV.     **Plaintiff Should Not Be Precluded From Any and All**
        **References to District Attorney, New York State Police, and**
        **DOCCS Office of Special Investigations**

Defendants' blanket request that plaintiff be precluded from making any use

of memoranda of interviews of defendants conducted by the District Attorney (DA),

the New York State Police (NYSP), or the DOCCS Office of Special Investigations

(OSI), or from calling as witnesses any of the investigators from these agencies, is

improperly vague and overly broad. In *Tranchina v. McGrath*, 2020 U.S. Dist.

LEXIS 143212 (N.D.N.Y. 2020), another case involving allegations of the use of

excessive force by DOCCS employees, the court denied an almost identical motion

by the defendants to preclude any documents relating to the NYSP or OSI

investigations, and to preclude any testimony of the investigators involved in those

investigations. The court held that the motion to preclude the documents was

premature and required that the court first review the documents to determine

whether they were admissible under Fed. Rule Evid. 803(8), the "Public Records"

exception to the hearsay rule. *Id.*, at *19. The court further held that the probative

value of the investigators' testimony was "not substantially outweighed by the

danger of unfair prejudice." *Id.*, at *20.

Here, too, plaintiff asserts that the official memoranda generated by the DA

in connection with its investigation of the actions of defendants falls within the Fed.

Rule Evid. 803(8) exception to the hearsay rule. Plaintiff also maintains that

testimony from DA, OSI, and NYSP investigators regarding, among other things,

statements made by defendants is highly probative, and is not substantially

outweighed by the danger of unfair prejudice.

7

### V.     Plaintiff Should Not Be Precluded From Officering Into Evidence Medical Illustrations or Photographic and Videotape Evidence

Defendants have raised only conditional objections to this evidence, asserting that their objections are "subject to further review." Plaintiff expects that these issues will be resolved between the parties prior to the final pre-trial conference, after defendants have had an opportunity to conduct whatever additional review they deem necessary. Barring that, however, the motion should be rejected as overly broad and vague.

### VI.    Plaintiff Should Not Be Precluded From Advancing State-Court Claims Against the DOCCS Defendants If Those Defendants Refuse to Concede That Their Actions Were Undertaken Within the Course and Scope of Their Employment

While defendants' purported motion in limine on this issue is, in effect, an untimely motion to dismiss, plaintiff nevertheless will address the motion so to attempt, once again, to nip this issue in the bud.

As plaintiff has stated repeatedly throughout this litigation, *see, e.g.*, Dkt. No. 122 (Plaintiff's letter to the Court opposing defendants' request for a conference in anticipation of a proposed motion to dismiss), plaintiff will withdraw his state-law claims against the DOCCS defendants if those defendants concede that their actions were undertaken within the course and scope of their employment. Thus far, however, defendants have refused to do so.

Plaintiff's state-law claims against the DOCCS defendants would be barred by N.Y. Corr. Law § 24 only in the event that defendants' actions are deemed to have been undertaken within the course and scope of their employment. *Cf. Ierardi*

8

*v. Sisco*, 119 F.3d 183, 189 (2d Cir. 1997) (affirming denial of summary judgment on plaintiff's state-law causes of action against NY State correction officer who acted outside the scope of his employment, noting that the officer's "purported behavior–as Judge Rakoff correctly ruled–is beyond the ambit of protection provided to correction officers under Section 24.").

Here, plaintiff's amended complaint, Dkt. No. 12, alleges, alternatively, that defendants' actions were undertaken within the scope of their employment and outside the scope of their employment. Notably, defendants' answer to the amended complaint, Dkt. No. 30, declines to admit as to either of these alternative allegations. Therefore, as plaintiff's counsel has explained repeatedly to defense counsel, plaintiff cannot stipulate to withdraw his state-law causes of action without a stipulation by defendants that their actions were undertaken within the course and scope of their employment. Plaintiff's offer remains.

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests that the motions in limine filed by defendants Leonardo, Landry, Pagliaro, and Torres, to the extent opposed by plaintiff, be denied.

Dated: New York, New York
    June 14, 2022

                        SIVIN, MILLER & ROCHE LLP

s/ Edward Sivin
Edward Sivin
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
Telephone: (212) 349-0300
Email: esivin@sivinandmiller.com