

**User Name:** Mark Heinze
**Date and Time:** Thursday, July 7, 2022 4:55:00 PM EDT
**Job Number:** 174800318

## Document (1)

1. *NY PJI 2:325*
   **Client/Matter:** -None-
   **Search Terms:** failure to mitigate
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Jury Instructions | Content Type: Pattern Jury Instructions |

## NY PJI 2:325

New York Pattern Jury Instructions - Civil  >  DIVISION 2. NEGLIGENCE ACTIONS  >  J. DAMAGES  >  7. Mitigation

## PJI 2:325. Damages-Mitigation-General Principles (Failure to Have an Operation)

A person who has been injured is not permitted to recover for damages that could have been avoided by using means which a reasonably prudent person would have used to (cure the injury, alleviate the pain). The defendant claims that if the plaintiff submitted to an operation (his, her) (injury, pain) would be (completely cured, greatly alleviated) and that such an operation is not dangerous.

The plaintiff claims that (he, she) declined to have the operation because it was (dangerous, too expensive). The burden of proving that the plaintiff failed to avail (himself, herself) of a reasonably safe procedure which would have (completely cured, greatly alleviated) (his, her) injury is on the defendant. If you find that the plaintiff is entitled to recover in this action, then in deciding the nature and permanence of (his, her) injury and what damages (he, she) may recover for the injury, you must decide whether in refusing to have an operation the plaintiff acted as a reasonably prudent person would have acted under the circumstances. In deciding that question you will take into consideration the evidence concerning the nature of the operation, the expense of such an operation and whether the plaintiff had sufficient funds or had insurance to meet that expense, the extent to which such an operation involves danger to the plaintiff, and the results to be expected from it. If you find that in deciding not to have an operation the plaintiff acted as a reasonably prudent person would have acted then the plaintiff is entitled to recover for (his, her) injuries, as you find them to be, without regard to the possibility of an operation. If, however, you find that the operation is one that a reasonably prudent person would submit to and that the operation would (cure the injury, relieve the pain), you will take that fact into consideration in arriving at the amount of damages that you award.

**Comment**

Based on Alberti v New York, L.E. & W.R. Co., 118 NY 77, 23 NE 35 (1889); Lyons v Erie Ry. Co., 57 NY 489 (1874); Hawkins v New York, 99 AD2d 481, 470 NYS2d 420 (2d Dept 1984); Beyer v Murray, 33 AD2d 246, 306 NYS2d 619 (4th Dept 1970) (citing PJI); Blate v Third Ave. R. Co., 44 App Div 163, 60 NYS 732 (1st Dept 1899); 7-A Part 1, Warren, Negligence 228 § 4.01 (4th Ed.); 36 NYJur2d 51-54, Damages §§ 28-31; Annot: 62 ALR3d 9.

The pattern charge is but one illustration of the general rule that the plaintiff is required by law to keep out-of-pocket expenses and loss to a minimum, Wilmot v State, 32 NY2d 164, 344 NYS2d 350, 297 NE2d 90 (1973); see Assouline Ritz LLC v Edward I. Mills & Associates, Architects, PC, 91 AD3d 473, 937 NYS2d 11 (1st Dept 2012). An injured party is under a duty to make a reasonable effort to minimize the consequential damages, and if such reasonable effort is not made, he or she will be barred from recovering those damages which result from such failure, Mayes Co. v State, 18 NY2d 549, 277 NYS2d 393, 223 NE2d 881 (1966); Baldwin v U.S. Tel. Co., 45 NY 744 (1871); Bell v Shopwell, Inc., 119 AD2d 715, 501 NYS2d 129 (2d Dept 1986); Watson v Archer, 46 AD2d 997, 362 NYS2d 302 (4th Dept 1974); see Assouline Ritz LLC v Edward I. Mills & Associates, Architects, P.C., supra. Defendant has the burden of proving that plaintiff failed to mitigate damages, Cornell v T. V. Development Corp., 17 NY2d 69, 268 NYS2d 29, 215 NE2d 349 (1966); see Assouline Ritz LLC v Edward I. Mills & Associates, Architects, P.C., supra; New York Telephone Co. v Harrison & Burrowes Bridge Contractors, Inc., 3 AD3d 606, 771 NYS2d 187 (3d Dept 2004); Rebh v Lake George Ventures Inc., 241 AD2d 801, 660 NYS2d 901 (3d Dept 1997). Where

Mark Heinze

NY PJI 2:325

appropriate upon the evidence, a defendant is entitled to a charge that plaintiff was under a duty to mitigate damages with respect to loss of earnings by endeavoring to obtain alternative employment, *McLaurin v Ryder Truck Rental, 123 AD2d 671, 507 NYS2d 41 (2d Dept 1986)*; see *Gerbino v Tinseltown USA, 13 AD3d 1068, 788 NYS2d 538 (4th Dept 2004)*. In other words, the failure to minimize damages merely prevents the plaintiff from recovering the damages that could have been avoided by a reasonable effort; all other damages may be recovered, *Colonna v State, 232 App Div 385, 249 NYS 578 (4th Dept 1931)*. The jury may reduce the damages so as to prevent plaintiff from recovering for additional injuries occasioned by plaintiff's actions taken in disregard of medical advice, *Perla v New York Daily News, Inc., 123 AD2d 349, 506 NYS2d 361 (2d Dept 1986)*, or where a plaintiff has unreasonably failed to take steps to relieve emotional distress arising from exposure to the risk of HIV infection, *Ornstein v New York City Health and Hospitals Corp., 10 NY3d 1, 852 NYS2d 1, 881 NE2d 1187 (2008)*. Plaintiff has a duty to mitigate loss of earnings by reasonably seeking vocational rehabilitation, *Bell v Shopwell, Inc., 119 AD2d 715, 501 NYS2d 129 (2d Dept 1986)*; see *Aman v Federal Exp. Corp., 267 AD2d 1077, 701 NYS2d 571 (4th Dept 1999)*. Evidence that plaintiff, after seeking and failing to obtain employment, organized a corporate business does not bar recovery for lost income; although by so doing plaintiff took himself out of the employment field, his doing so was consistent with his obligation to mitigate damages, *Cornell v T. V. Development Corp., 17 NY2d 69, 268 NYS2d 29, 215 NE2d 349 (1966)*.

Plaintiff is only bound to make a reasonable effort to mitigate the damages, *People's Gas & Electric Co. of Oswego v State, 189 App Div 421, 179 NYS 520 (4th Dept 1919)*, affd, *231 NY 520, 132 NE 871 (1921)*; *Reed v Harter Chair Corp., 185 AD2d 547, 586 NYS2d 401 (3d Dept 1992)*; *Close v State, 90 AD2d 599, 456 NYS2d 437 (3d Dept 1982)*; Carrols Equities Corp, v Villnave, 57 AD2d 1044, *395 NYS2d 800 (4th Dept 1977)*; *State v Samfred Beltline Corp., 31 AD2d 865, 297 NYS2d 466 (3d Dept 1969)*; see *New York Telephone Co. v Harrison & Burrowes Bridge Contractors, Inc., 3 AD3d 606, 771 NYS2d 187 (3d Dept 2004)*. Plaintiff is not bound to follow medical advice blindly; it is for the jury to say whether in failing to do so plaintiff acted reasonably, *Fafard v Ajamian, 60 AD2d 853, 400 NYS2d 856 (2d Dept 1978)*; *Watson v Archer, 46 AD2d 997, 362 NYS2d 302 (4th Dept 1974)*. Plaintiff is, however, entitled to rely on the advice of a physician, *Lyons v Erie Ry. Co., 57 NY 489 (1874)*; see *Goldman v State, 28 AD2d 782, 280 NYS2d 879 (3d Dept 1967)*. If the doctor's advice is erroneous, plaintiff may recover from the original tortfeasor for all damage, including that arising from the malpractice in treating the original injury, *Milks v McIver, 264 NY 267, 190 NE 487 (1934)*; see PJI 2:305, but the original tortfeasor may have a third-party claim against the physician for that part of the damages caused by the malpractice, see PJI 2:75.

If it is claimed that plaintiff did not have an operation because he or she relied on the advice of a physician, the charge should be amended by deleting the period at its end and inserting the following:

New York Pattern Jury Instructions Civil

---

**End of Document**

Mark Heinze