# SIVIN, MILLER & ROCHE, LLP
**20 Vesey Street, Suite 1400**
**New York, NY  10007**
Phone:  212 349-0300
Fax:  212 406-9462

February 1, 2023

<u>Via ECF</u>

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY  10601

      Re:  Stanbro v. Westchester County Health Care Corp., et al.
        19-cv-10857

       Stanbro v. C.O. Nadya Palou, et al.,
        20-cv-01591

Your Honor:

The undersigned represents plaintiff in the above consolidated actions.  I write in response to the February 1, 2023 letter from John C. Couzens, Jr., attorney for Defendants Westchester County Health Care Corp., Westchester Medical Center, and Dr. John Full, the February 1, 2023 letter from Jeb Harben, attorney for Defendant Kristofer Leonardo, and the February 1, 2023 letter from Mark F. Heinze, attorney for Defendants Raymond Deal and Nadya Palou, which take issue with various aspects of the proposed Judgment that Plaintiff submitted to the Court.

-Plaintiff acknowledges the typographical error on page 2 of the proposed Judgment regarding the amount of the punitive damages assessed against Defendant Raymond Deal, and joins in the request that the Judgment correctly reflect that punitive damages against Deal were awarded in the amount of Five Thousand ($5,000.00) Dollars.

-Plaintiff also acknowledges the typographical errors on page 3 of the proposed Judgment (one two many zeros in the three paragraphs therein), and joins in the request that the Judgment be corrected accordingly.

-Plaintiff further acknowledges that the proposed Judgment improperly omits reference to the fact that the jury did not find in favor of Plaintiff on any of his claims against Defendant John Full.  Accordingly, Plaintiff proposes that the fourth paragraph of page 2 of the proposed Judgment now read as follows:  "The jury having found in favor of Defendants Enrique Torres, Richard Landry, ***and John Full*** on all causes of action asserted by Plaintiff against those defendants;" (emphasis added).

-Plaintiff does not see the need for the additional language proposed by Mr. Couzens regarding the legal mechanism by which the jury found in favor of Plaintiff against Defendants Westchester Medical Center and Westchester County Health Care Corporation. While it is the case that these defendants were found liable only by virtue of the actions of Defendant Dr. Frank Weber, it always is the case that a healthcare facility is found liable only by virtue of the actions of one or more of its agents, servants and/or employees. Accordingly, the additional language proposed by Mr. Couzens appears to be unnecessary.

-Finally, Plaintiff still requests that the Court award interest from the date of verdict to the date of entry of judgment. Defendants acknowledge that the Court has discretion to award prejudgment interest in a case under 42 U.S.C. § 1983, but argue that such interest should not be awarded in this case since the awards to Plaintiff for noneconomic injuries, unlike awards for economic injuries, are speculative and cannot be calculated with mathematical certainty. However, it appears that the cases cited by Leonardo in support of that proposition involved requests for prejudgment interest from the date of loss, and not from the date of verdict. While it is true that as of August 31, 2018 (the date of loss here), no one was in a position to calculate with certainty the value of the noneconomic injuries sustained by Plaintiff, such a calculation *was* made by the jury on July 14, 2022 when it rendered its verdict. For that reason, Plaintiff is requesting prejudgment interest *not* from the date of loss, but only from the date of the verdict. It seems reasonable that Defendants, who since July 14, 2022 have had the use of the money owed to Plaintiff by virtue of the jury's verdict, be required to pay interest on that money from the date of the verdict. *See Atlantic Mut. Ins. Co. v. Napa Transp., Inc.*, 399 F. Supp. 2d 523, 525 (S.D.N.Y. 2005) ("The awarding of prejudgment interest ensure[s] that an injured party is fully compensated for its loss, by requiring that [o]ne who has had the use of money owing to another pay interest from the time payment should have been made.") (internal citations omitted); *cf. Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers*, 955 F.2d 831, 834 (2d Cir. 1992) (noting that "fairness and the relative equities" are among the factors that courts should consider in deciding whether to award prejudgment interest).[1]

I have submitted as Exhibit 1 to this letter a revised proposed Judgment reflecting the above.

Thank you for your attention to this matter.

          Very truly yours,

          *Edward Sivin*

          Edward Sivin

Cc: All parties (via ECF)

---

[1] Our law firm's decision not to seek post-verdict interest in *Magalios v. Peralta*, 19 Civ. 6188 (SDNY)(CS) for the twenty-eight days between the jury's verdict and our request for entry of judgment in that case certainly is not authoritative, much less binding on this Court, on the issue of entitlement to prejudgment interest generally.