UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHAD STANBRO,

                Plaintiff,

   v.

CORRECTION OFFICER NADYA PALOU, *et al.*,

                Defendants.

No. 20-CV-1591 (KMK)

---

CHAD STANBRO,

                Plaintiff,

   v.

WESTCHESTER COUNTY HEALTH CARE CORPORATION, *et al.*,

                Defendants.

No. 19-CV-10857 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

    At a hearing held on January 19, 2023 to resolve various post-trial motions, (*see* Am. Order (Dkt. No. 235, Case No. 20-CV-1591; Dkt. No. 178, Case No. 19-CV-10857)), the Court instructed Plaintiff to file a proposed judgment in this Action, (*see* Proposed J. (Dkt. No. 228; Case No. 20-CV-1591; Dkt. No. 174, Case No. 19-CV-10857)). Before the Court are several objections to Plaintiff's proposed judgment. (Letter from Jeb Harben Esq. to Court (Feb. 1, 2023) ("Leonardo Obj.") (Dkt. No. 229, Case No. 20-CV-1591); Letter from Mark Heinze, Esq.

to Court (Feb. 1, 2023) ("DP Obj.") (Dkt. No. 232, Case No. 20-CV-1591); Letter from John C. Couzens, Jr., Esq. to Court (Feb. 1, 2023) ("WMC Obj.") (Dkt. No. 175, Case No. 19-CV-10857).) The Parties agree on several modifications to Plaintiff's proposed judgment, which the Court will not address in this Order. (*See* Letter from Edward Sivin, Esq. (Feb. 1. 2023) ("Pl's Reply") at 1 (Dkt. No. 176, Case No. 19-CV-10857; Dkt. No. 233, Case No. 20-CV-1591).) However, the Parties disagree on two remaining issues, which the Court now addresses in the instant Order.

First, Defendants Westchester County Health Care Corp. ("WCHC") and Westchester Medical Center ("WMC" collectively, the "WMC Defendants") object to Plaintiff's description of the jury's finding of medical malpractice liability. (WMC Obj. 2.) Specifically, the WMC Defendants state that, by listing WCHC and WMC alongside Dr. Frank Weber, Plaintiff's language "misstates the verdict and suggests the jury found [D]efendants [WMC] and [WCHC] committed malpractice wherein the jury never rendered a malpractice verdict against them." (*Id.*) In response, Plaintiff largely states that any revisions would be unnecessarily duplicative, since all three defendants are ultimately liable for Dr. Weber's medical malpractice through vicarious liability. (Pl's Reply 2.) At the end of the trial, the jury found Dr. Weber for medical malpractice, (*see* Hr'g Tr. 1921:19–25, 1922:3–7), and also found the WMC Defendants to be "vicariously liable for Dr. Frank Weber's actions," (*see id.* at 1922:11–16). To eliminate confusion, the Court finds that the applicable language should read as follows:

> **Medical malpractice** against Defendant Frank Weber, and through vicarious liability Defendants Westchester County Health Care Corporation and Westchester Medical Center, in the amount of $200,000.00.

Second, all Defendants object to Plaintiff's request for pre-judgment interest on the jury's award. (*See* Leonardo Obj. 1–2; DP Obj. 1 (joining Leonardo's objection to prejudgment

interest); WMC Obj. 2.)  In short, Plaintiff is requesting post-verdict, prejudgment interest because "Defendants, who since July 14, 2022 have had the use of the money owed to Plaintiff by virtue of the jury's verdict, be required to pay interest on that money from the date of the verdict."  (Pl's Reply 2.)  Defendants collectively argue that interest is improper because any additional award would be "punitive, rather than compensatory."  (*See* Leonardo Obj. 1–2; WMC Obj. 2.)

According to the Second Circuit, "[i]n a suit to enforce a federal right, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court, which is to take into consideration[:] (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998) (citations and alterations omitted).  Generally, courts provide prejudgment interest in cases where the projected loss was defined prior to trial, such as a claim for lost wages or specific medical expenses to date.  *See id*. 873–74 (stating that "it is ordinarily an abuse of discretion *not* to include pre[]judgment interest" in damages awarded for lost wages because it prevents employers from "attempting to enjoy an interest-free loan" (citations and quotation marks omitted)); *Connor v. Ulrich*, 153 F. Supp. 2d 199, 204–05 (E.D.N.Y. 2001) (awarding prejudgment interest on a plaintiff's past medical expenses because it represents "a specific, ascertainable sum that represents an economic injury").  Importantly, "awards of prejudgment interest must not result in overcompensation." *Connor*, 153 F. Supp. 2d at 204 (*citing Wickham Contracting Co., v. Local Union No. 3, Int'l Brotherhood of Elec. Workers, AFL-CIO*, 955 F.2d 831, 834–35 (2d Cir. 1992)); *see also McDow v. Rosado*, 657 F. Supp. 2d 463, 466 (S.D.N.Y.

2009) ("When the jury intends to fully compensate the plaintiff for his injuries, additional pre[]judgment interest would be punitive, rather than compensatory, . . . and the purpose of pre[]judgment interest is to be compensatory, not punitive" (citations omitted)); *Sulkowska v. City of N.Y.*, 170 F. Supp. 2d 359, 371 (S.D.N.Y. 2001) (finding that an "award of prejudgment interest is not warranted" where the "Court's award of compensatory damages, on plaintiff's Section 1983 claims . . . was based exclusively on the emotional injuries that plaintiff sustained as a result of her arrest" (quotation marks omitted)).

  The Court finds that Plaintiff is not entitled to prejudgment interest because interest would be unduly burdensome and punitive to Defendants. Here, Plaintiff did not seek any defined damages, such as lost wages or medical bills. Yet, Plaintiff requests additional interest *on top of* the award that the jury found was reasonable to compensate Plaintiff's loss. Because Plaintiff's damages for his physical injuries, pain, and suffering "are intended to fully compensate [] [P]laintiff for those respective injuries . . . an award of prejudgment interest under these circumstances would be punitive rather than compensatory." *Connor*, 153 F. Supp. 2d at 205; *see also Virgil v. Keith*, No. 10-CV-6479, 2016 WL 1298515, at *5 (W.D.N.Y. Mar. 30, 2016) (declining to award prejudgment interest in a deliberate indifference case because the damages award "fully compensates [the plaintiff] for his injuries"). Both cases that Plaintiff cites in his reply instead underscore limited grant of prejudgment interest to defined projected losses. *See Wickham Contracting Co.*, 955 F.2d at 835–36 (analyzing "modern cases awarding prejudgment interest" in employment and securities cases); *Atlantic Mut. Ins. Co. v. Napa Transp. Inc*, 399 F. Supp. 2d 523, 525 (S.D.N.Y. 2005) (only awarding prejudgment interest for a predetermined sum of money owed under a contract).

Plaintiff attempts to counter Defendants' concerns by asking the Court to award prejudgment interest only from the date of the verdict.  (*See* Pl's Reply 2.)  However, while post-verdict, prejudgment interest is statutorily granted under New York state law, *see Adrian v. Town of Yorktown*, 620 F.3d 104, 107 (2d Cir. 2010) (applying New York law to diversity claims), there is no similar federal grant.  Beyond this, the Court finds any prejudgment interest, whether pre- or post-verdict, would be unnecessarily punitive to Defendants whose awards are designed to make Plaintiff whole.  Accordingly, the Court finds that Plaintiff is not entitled to prejudgment interest.

In accordance with this Order, Plaintiff is directed to file a second amended proposed judgment by no later than February 21, 2023.

SO ORDERED.

DATED:    February 16, 2023
          White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE